CASE 48—PETITION ORDINARY—NOVEMBER 14.

# Sherrill v. Chesapeake, Ohio and Southwestern Railway Company.

APPEAL FROM HARDIN CIRCUIT COURT.

VENUE OF ACTION AGAINST COMMON CARRIER.—An action against a common carrier for a personal injury can not be brought in a county which is neither the residence of any of the parties nor the place where the injury was done.

JAMES MONTGOMERY AND HARGIS & EASTIN FOR APPELLANT.

No brief in record.

J. P. HOBSON FOR APPELLEE.

1. The father has no cause of action for the death of his son under the statute. (Henderson v. K. C. R. Co., 9 Ky. Law Rep., 625; L. & N. R. Co. v. Sanders, 9 Ky. Law Rep.)

2. The Hardin Circuit Court had no jurisdiction of the action. (Civil Code, section 73.)

The defendant's principal office and place of business being in

Sherrill v. Chesapeake, Ohio and Southwestern Railway Company.

Louisville, it was a *resident* of that county within the meaning of section 73 of the Code.   (McDormant v. L., C. & L. R. Co., 11 Bush, 386.)

3. The objection to jurisdiction was not waived by the failure to make the objection by motion when the case was called for answer.  The objection could be made only by plea.  (Baker v. L. & N. R. Co., 4 Bush, 621.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant brought this action in the Hardin Circuit Court to recover damages for destruction of life of his son, John T. Sherrill, by alleged willful neglect of appellee's servants and agents, and the only inquiry we deem it necessary to make on this appeal is, whether the lower court erred in overruling demurrer to second paragraph of the answer, in which it is stated that neither the plaintiff, his intestate, the defendant, nor its chief officers ever resided in Hardin county, and that the plaintiff's intestate did not receive the injury therein.

Section 73, Civil Code, is as follows :  "Excepting the actions mentioned in section 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which the contract is made, or in which the carrier agrees to deliver the property.  An action against such carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which the plaintiff or his property is injured, or in which he resides, if he resides in a county into which the carrier passes."

It will be seen that section required this action,

which is against a common carrier for personal injury, to be brought in the county in which the defendant resided when it was commenced, or, by fair construction, where its chief officer resided, if in the State, or in the county in which the plaintiff or, by construction, his intestate, was injured, or in which the plaintiff resided when the action was commenced. But taking the statements of the second paragraph of the answer to be true for purpose of trying the demurrer, as they must likewise be regarded in the absence of a reply, it ²seems to us the Hardin Circuit Court has no jurisdiction, and, consequently, the demurrer was properly overruled, and a dismissal of the action followed inevitably, for that county is not either the residence of any of the parties nor the county where the injury was done.

Subsection 4, section 51, relates altogether to the county in which a summons in an action brought pursuant to section 73 may be served, but does not prescribe the county in which such action must be brought, nor determine the jurisdiction of the court in respect to the county.

The judgment is affirmed.