CASE 58—PETITION ORDINARY—SEPTEMBER 9.

# Harper, &c., v. Newport News and Mississippi Valley Company.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. VENUE OF ACTIONS.—An action against a railroad company or other common carrier to recover for a personal injury must be brought in the county in which the defendant resides, or in the county in which the plaintiff was injured, or in which he resides, if he resides in a county into which the carrier passes. And in case of a railroad corporation the residence of its president, if there be one in the State, or if not, its vice-president, if there be one in the State, must be treated as the residence of the corporation in determining jurisdiction of the defendant.

As this action against a railroad company to recover for a personal injury was not brought in any of the counties named the court had no jurisdiction.

2. WHERE A RAILROAD IS OWNED BY ONE COMPANY AND CONTROLLED AND OPERATED EXCLUSIVELY BY ANOTHER the company controlling and operating the road is liable for an injury done by a locomotive operated by its employes.

Harper, &c., v. Newport News and Mississippi Valley Company.

GILBERT & REED FOR APPELLANT.

Section 72, and not section 78, of the Civil Code regulates the jurisdiction in cases like this, and, therefore, the action may be brought in any county where the corporation has an office or place of business.

QUIGLEY & QUIGLEY FOR APPELLEES.

Section 72 of the Civil Code does not apply to actions against common carriers. Section 78 regulates the jurisdiction in such cases.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant instituted this action in the McCracken Common Pleas Court against appellees to recover damages for personal injury done in Graves county by a locomotive engine running over him through negligence of those in charge of it.

It is stated in the petition that the railroad, on the track of which appellant was at time of the injury, was owned by the Chesapeake and Ohio and Southwestern Railroad Company, but was then controlled and operated exclusively by the Newport News and Mississippi Valley Railroad Company, a carrier of freight and passengers, and those in charge of said locomotive were employes of that company.

The summons was issued against both defendants, and returned by the sheriff of McCracken county executed on the Newport News and Mississippi Valley Company by delivering to J. W. Briggs a true copy of the summons, he, as stated, being the chief officer of the company in that county; and executed on the Chesapeake, Ohio and Southwestern Company by delivering to John Echols a true copy, he, as stated, being chief officer of that company.

The Chesapeake, Ohio and Southwestern Railroad Company filed a general demurrer to the petition,

which was sustained, and, we think, properly done, because, though it is alleged to be the owner, the Newport News and Mississippi Valley Company, having the exclusive control and management of the road, and the locomotive by which the injury was done being at the time operated by its employes, is alone answerable in damages to the plaintiff.

The latter company filed a plea to the jurisdiction of the court for the following causes: 1. That the plaintiff resides, and the alleged injury was done, in Graves county; 2. That the chief office, residence and place of business of defendant is in Jefferson county; 3. That John Echols, being its vice-president and chief officer and agent in Kentucky, is in that county.

The general demurrer to that plea having been overruled, and the plaintiff declining to further plead, judgment was rendered dismissing the action for want of jurisdiction, and therefrom this appeal is prosecuted.

The precise question of jurisdiction now before us was made and decided in the case of Sherrill v. Chesapeake, &c., Railway Co., 89 Ky., 302. It was there held that the jurisdiction in cases like this is regulated and determined by section 73, Civil Code, as follows: "Excepting the actions mentioned in 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which the contract is made, or in which the carrier agrees to deliver the property. An action against such

carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides, or in which the plaintiff or his property is injured, or in which he resides, if he resides in a county into which the carrier passes."

In that case the residence of a corporation, which is a common carrier, was held to be, according to a fair construction of the Code, the county in which its chief officer or agent, if in the State, resides when the action is commenced. Who the chief officer or agent is, in the meaning of the Code, is determined by subsection 33, section 732, as follows: "The chief officer or agent of a corporation which has any of the officers or agents herein mentioned is, first, its president; second, its vice-president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk; sixth, its managing agent."

In case of a railroad corporation it is obvious that the residence of its president, if there be one in the State, or if not, its vice-president, if there be one in the State, was intended, and must be treated as the residence of the corporation in determining jurisdiction of the defendant in actions like this; and as this action, being for a personal injury, was not brought in the county in which the vice-president, who is chief officer of the defendant, Newport News and Mississippi Valley Railroad Company, resides, nor in the county in which the plaintiff was injured, nor in the county in which either he or his next friend suing for him resides, it necessarily follows the lower court has no jurisdiction of the defendant.

But it is contended that the jurisdiction in a case like this is regulated by section 72, which applies to actions against corporations generally, and does not relate, as is the case of section 73, to corporations that are, like the defendant here, common carriers. To adopt that view would result in leaving section 73 without any meaning or application whatever, and, moreover, violate a well-settled and entirely reasonable rule of construction.

That section 72 was not intended to apply to actions against common carriers is made plain by the express exception therein contained of actions mentioned in section 73.

It seems to us that every reasonable facility is given to the plaintiff in an action like this by the provision authorizing him to bring his action in either the county where the injury is done, or in the county where he may then reside, if it be one into which the carrier passes, or in the county of the defendant's residence, and clearly it can not be brought elsewhere.

The case of Chesapeake, &c., Railroad Co. v. Heath's Adm'r, 87 Ky., 651, has no application here, because the action was there brought in the county where the plaintiff received the personal injury complained of; and the question presented and decided was in regard to the proper person upon whom to serve the summons, and none arose as to the proper county in which such actions must be brought. Hence, nothing said in the opinion in that case can be considered in conflict with Sherrill v. Chesapeake, &c., Railway Co., nor with our views in this case.

Judgment affirmed.