Chesapeake, &c., Railroad Co. v. Cowherd.

CASE 21—PETITION ORDINARY—OCTOBER 27.

96 113
112 342
e112 345

# Chesapeake, &c., Railroad Co. v. Cowherd.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. VENUE OF ACTION AGAINST NON-RESIDENT COMMON CARRIER.— Section 73 of the Civil Code which provides that "an action against a common carrier, whether a corporation or not, for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant or either of several defendants resides, or in which the plaintiff or his property is injured, or in which he resides if he reside in a county into which the carrier passes," applies only where some of the localizing facts exists; and if these facts are wholly wanting the action may be brought in any county in which the defendant is summoned as provided by section 78 of the Code. Therefore, where a resident of this State is injured in another State through the negligence of a common carrier, which is a non-resident corporation doing business in this State, and which does not pass into the county in which the injured person resides, the action for the injury may be brought in any county in which the defendant is summoned.

2. SAME.—A non-resident corporation doing business in this State may be sued here as other litigants when properly summoned.

3. A NON-RESIDENT CORPORATION OPERATING A RAILROAD IN THIS STATE WAS PROPERLY SUMMONED by service of process on its local ticket agent in the county in which the suit was brought, he being the only agent of the carrier in the county, and the chief and managing agent of the department of which he had control, and, therefore, the "chief officer or agent" in the county within the meaning of subsection 3 of section 51 of the Code.

4. HOLDING THE JURY TOGETHER after they had declared a number of times they could not agree, was not an abuse of discretion.

HELM & BRUCE AND W. H. JACKSON FOR APPELLANT.

1. The common law rule being that a corporation can not be sued outside of the State in which it was created, but that a State has the right to exclude foreign corporations from doing business in its territory, it follows that the State may impose upon the corporation coming into the State the condition of submitting to the process of the State courts, but suits can not be brought against such corporation except to the extent authorized by statute. (St. Clair v. Cox, 106 U. S., 350; McQueen v. The Middletown Manufacturing Co., 16 Johnson

(N. Y.), 5; Peckham v. North Parish, 16 Pickering, 274, Paul v. Virginia, 8 Wallace, 168; Pembina Mining Co. v. Pennsylvania, 125 U. S., 181; Bank of Augusta v. Earl, 13 Peters, 519; Lafayette Insurance Co. v. French, 18 Howard, 404; Railroad Co. v. Koontz, 104 U. S., 5; Railroad Co. v. Harris, 12 Wallace, 65; Canada Southern R. Co. v. Gebhard, 109 U. S, 527; N. & C. Bridge Co. v. Wooley, 78 Ky., 523; *Ex parte* Schallenberger, 96 U. S., 369; Shaw v. Quincy Mining Co., 145 U. S.)

2. The statute provides three places in which an action for personal injury against a corporation may be brought, but this action having been brought in neither of the three places, the court below had no jurisdiction of the case. (Civil Code, sec. 73; General Statutes, chap. 43, secs. 1 and 2.)

3. Appellant having come into the State engaged in " inter-state commerce," the State could not have prevented its coming, nor had it the right to impose any conditions upon its coming, and, therefore, the carrier is not bound to submit to the jurisdiction of the State. (Pensacola Telegraph Co. v. Western U. T. Co., 96 U. S., 1; Pembina Mining Co. v. Pennsylvania, 125 U. S., 181; Horn Silver Mining Co. v. New York, 143 U. S., 315.)

4. Service of summons on a mere local ticket agent of a common carrier is not a service upon its "managing agent" in the meaning of the statute. (Civil Code, sec. 51; Same, sec. 732; Upper Miss. Trans. Co. v. Whitaker, 16 Wis., 233 and cases cited; Lake Shore and M. S. R. Co. v. Hunt, 39 Mich., 470; Reddington v. Mariposa L. & N. Co., 19 Hun., 405 and cases cited; Am. Bell Telephone Co. v. State, 29 Federal Rep.)

5. The court erred in instruction 3 in submitting to the jury the question whether the employes of defendant could have avoided the injury to plaintiff after they became aware of his peril, in view of the proof that the trainmen knew nothing of the accident until they received a telegram some fifty miles from the place where plaintiff fell off.

6. The modification by the court of the instruction on contributory negligence asked by appellant was erroneous, as it was unauthorized by the facts or the pleadings. (L. & N. R. Co. v. Coniff's Adm'r, 90 Ky., 560.)

7. The court erred in holding the jury together and forcing a verdict after they had several times announced that they could not agree. (Randolph v. Lampkin, 12 Ky. Law Rep., 518.)

8. Authorities cited on entry of appearance by filing petition for removal. (Farmer v. Nat Life Asso., 50 Fed. Rep., 830, and cases cited by counsel; Reifsnider v. Am. and Eng. Pub. Co., 45 Fed. Rep., 433; Clews v. Woodstock, 44 Fed. Rep., 31; Porter Land Co. v. Baskin, 43 Fed. Rep., 328.)

Chesapeake, &c., Railroad Co. v. Cowherd.

FAIRLEIGH & STRAUS FOR APPELLEE.

1. An action f )r personal injury being under the common law transitory, and this action against a foreign corporation being untouched by any statute providing for the venue of actions, it is, therefore, a transitory action and may be brought in any county where the defendant may be lawfully summoned. (Mostyn v. Tabeigas, Comp., 161; West v. Thomas, 2 Bibb, 458.)

2. The service of summons upon the ticket and passenger agent of appellant was good as it was made on the chief officer and agent in the county, and came under the provisions of the Civil Code, sec. 51, and subsec. 33 of sec 732.

3. The court below having used no improper language to the jury, this court will not interfere with its discretion in holding the jury together after they had announced that they could not agree.

P. J. FOREE OF COUNSEL ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee, a citizen of Shelby county, Kentucky, was injured in the State of West Virginia through the negligence of the appellant, a non-resident corporation and common carrier. He brought his action for damages arising out of the injury in the Jefferson Court of Common Pleas, and process was executed on a ticket agent of the corporation stationed at Louisville. The carrier has no chief office or place of business in this State, and no chief officer or agent residing in this State. It does not pass into or through the counties of Jefferson or Shelby, but does run from Lexington eastwardly through a number of counties in this State. The question of jurisdiction, as well as of the sufficiency of the service of process, was made by appropriate plea and motion to quash, and both plea and motion having been determined adversely to the appellant, a trial was had resulting in a verdict for the appellee for the sum of one thousand five hundred dollars.

The appellant's chief contention is that the Jefferson Court of Common Pleas had no jurisdiction of the action, and this is the first question we will consider.

It is argued by appellant's counsel, and such is the view adopted by the majority of the Superior Court, that while actions of this kind are transitory in their nature, and were so at the common law, they have been made *local* and not *transitory* actions by the provisions of our Civil Code, section 73 of which is relied on to sustain this contention. This section is as follows:

"Excepting the actions mentioned in section 75"— which section relates solely to actions against persons constructively summoned—"an action against a common carrier, whether a corporation or not,  *  *  and for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he reside in a county into which the carrier passes."

Applying this section to the case at hand, the Jefferson Court of Common Pleas had no jurisdiction, because Jefferson county was not the county of the defendant's residence, or that in which the plaintiff was injured, or that in which he resided and into which the carrier passed. Moreover, if this section is to control, the plaintiff is wholly without remedy so far as the courts of his State are concerned. The corporation has established itself in business within the jurisdiction of the courts of the State, but because the injury was inflicted beyond her territorial limits, the

Chesapeake, &c., Railroad Co. v. Cowherd.

plaintiff is not allowed to sue in any of her courts. And, so long as the carrier fails to run its road through Shelby county, or fails to establish its chief office or place of business in Kentucky, the complainant is without remedy, so far as this statute gives him relief, even though the managing agents of the carrier might be found doing business in every county in the State. We do not believe this construction of the law to be sound.    No attempt was made to localize actions where the jurisdictional facts contemplated in the statute were wholly wanting.    In the very nature of things, it would seem impossible to localize any action for a personal injury inflicted by a non-resident beyond the limits of the State.

The existence of the localizing facts can be only accidental, and in most cases would be wanting as they are here.    It seems to us the law was intended to apply only in cases where the defendant, or one of them, resides in the State, or where the plaintiff is injured in the State, or resides in a county in the State into which the carrier passes.    In the absence of these jurisdictional facts in any given case, we must conclude not that the plaintiff is without remedy, but that the localizing statute is not applicable. The state of fact which would limit or confine the plaintiff to certain designated counties in the institution of his action does not exist in the case at hand.    It was impossible for the plaintiff to bring his action in any of the counties designated in the section relied on to localize the action; hence, section 78 of the Code applies, and this provides that "an action, which is not required by the foregoing sections

of this article to be brought in some other county, may be brought in the county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

It seems to us that the application of this section to this case is entirely free from objection. The non-resident common carrier is thus put on the same footing with other non-resident litigants. When found doing business in the State, it is presumably with the consent of the State, and that consent must be assumed to have been on the condition that it subject itself to the same legal environments that encompass other litigants, and it may, therefore, be sued as other litigants when properly summoned.

It may be true, indeed is true, that formerly a corporation could not be sued in an action for the recovery of a personal demand outside of the State by which it was created, the old principle being that the corporation must dwell in the place of its creation, and that it could not migrate to another sovereignty. Under this legal fiction, it may be true that the corporation could not be sued away from its sovereignty without its permission. But when it comes within another sovereignty to transact business, it comes, as we have said, as other litgants.

But the question recurs, was the corporation properly summoned? Subsection 3 of section 51 of the Civil Code provides that, "in an action against a private corporation the summons may be served, in any county, upon the defendant's chief officer or agent, who may be found in this State; or it may be served

in the county wherein the action is brought, upon the defendant's chief officer or agent who may be found therein." And the chief officer or agent of a corporation is defined to be: "1, its president; 2, its vice-president; 3, its secretary or librarian; 4, its cashier or treasurer; 5, its clerk; 6, its managing agent."

Here the summons was served on the ticket or passenger agent, and that he was the highest officer and agent of the corporation in the county where the action was brought, is shown by the return on the summons. He was the only agent of the carrier in the county, and was the chief and managing agent in the department of which he had control. We think he was the chief officer or agent of the corporation within the meaning of the law. Formerly, in an action against a railroad company, brought pursuant to section 73, and now in all actions against such company, the summons may be served upon the defendant's passenger or freight agent stationed at or nearest to the county seat of the county in which the action is brought. Bacon, the agent served in this case, says he was not the general agent of the corporation, nor does the statute require him to be such in order to enforce the appearance of his principal by service of process on him. He does not say he is not the managing agent or chief agent in the county; he styles himself "the local ticket agent, stationed at Louisville, for the Chesapeake and Ohio Railway Company"—a position, we must assume, involving the chief superintendency and management of the affairs of the company in this department of its service.

We perceive no abuse of discretion on the part of

the court below in holding the jury together after they had declared a number of times that they could not agree; nor was there any error in the instructions which could have possibly affected or prejudiced the substantial rights of the defendant.

Judgment affirmed.