CASE 33—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES—Dec. 18.

## Eichhorn v. Louisville & N. R. R. Co.

APPEAL FROM NICHOLAS CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  AFFIRMED.

VENUE OF ACTION AGAINST CARRIER—RESIDENCE OF RAILROAD CORPORATION.

Under Civil Code Practice, section 73, providing that an action against a common carrier for personal injuries must be brought in the county in which the defendant resides, or in which plaintiff is injured, or in which he resides, if he resides in the county through which the carrier passes; and Id., section 732, subsec. 32, providing that "the words 'residence,' 'reside,' mean, with reference to a corporation, its chief office or place of business,"—an action by a nonresident against a railroad corporation for personal injuries received in another State must be brought in the county in which the chief officer resides, or in the county in which it has its chief office.

WINFIELD BUCKLER, FOR APPELLANT.

The plaintiff, having enlisted in the army bound for Cuba, boarded appellee's train of cars at New Orleans as a passenger. The train was full of soldiers and the weather hot; he, at the instance of appellee, took carriage on the platform, and, being tired, lay down and fell asleep. While asleep, the appellee negligently propelled other cars against the one he was on and his foot was caught between the bumpers and

Eichhorn v. Louisville & N. R. R. Co.

badly mashed, the bones of his foot and toes broken and mashed, causing great pain and making him a cripple for life.

Making the necessary allegations, he filed his petition in the Nicholas circuit court seeking to recover of the appellee $10,000 in damages.

The appellee filed answer which was a plea to the jurisdiction of the Nicholas circuit court, stating, among other things, that the president of the company resides in Jefferson county, Ky., and that its chief office is located there. Appellant replied that the defendant at the time of the institution of the suit ran its regular passenger trains through Carlisle in Nicholas county, Ky., and that it had a freight and passenger depot in said city and had an office and agents in both of said depots transacting business for the company. The lower court sustained a demurrer to the reply, and plaintiff failing to plead further, the petition was dismissed and plaintiff has appealed.

We contend that a railroad corporation is considered to be a resident of every county through which its road passes and in which it transacts business, at least so far as regards its taxation and suits instituted against it.

## AUTHORITIES CITED.

Brons Adm. v. Cin. R. R. Co., 83 Ky., 177; Civil Code, sec. 73, sec. 732, sub sec. 32; Anderson's Law Dicionary—"Residence"; Am. & Eng. Ency. of Law, vol. 21, 124; Am. & Eng. Ency. of Law, vol. 4, 206; Thompson's Commentaries on Corporations, secs. 7424, 7426, 689; Sherrill v. C. R. Co., 89 Ky., 302 (criticised; Harper v. N. N. Co., 90 Ky., 359 (criticised); Am. & Eng. Ency of Law, vol. 19, 797; Carney v. Hampton, 3 T. B. M., 231; Allen v. Ramsey, 1 Met., 635; Cooley's Con. Lim. (5th edd.) 64; Bullitt's Code, sec. 732, sub-sec. 32; Am. & Eng. Ency., vol. 18, 464; Bouvier's Dictionary—"Place of Business;" Anderson's Law Dictionary—"Place of Business."

EMMETT M. DICKSON & EDWARD W. HINES, FOR APPELLEE.

The appellant by his guardian brought this suit in the Nicholas circuit court against the L. & N. R. R. Co., for damages alleged to have been sustained by him while traveling as a passenger on one of defendant's trains in Louisiana or Texas.

The defendant, merely for the purpose of objecting to the jurisdiction, filed an answer alleging that plaintiff at the time he was injured resided, and has ever since resided, in the State of Texas, and that defendant's chief office and residence is in the city of Louisville, Jefferson county, Ky., and that its president resides there.

For reply plaintiff alleged that defendant had, at the time

Eichhorn v. Louisville & N. R. R. Co. ·

the action was brought, and now has, a freight and passenger depot in Carlisle, Nicholas county, Ky., and carries on business there. The court sustained a demurrer to the reply and plaintiffs failing to plead further his action was dismissed and he appeals.

Counsel for appellant admits that as appellant does not reside in Nicholas county, and was not injured in said county, that said court has no jurisdiction of the action, unless Nicholas county was the county of defendant's residence, and the only question the court is called on to decide is, whether the L. & N. R. R. Co. can be said to "reside" in Nicholas county, within the meaning of that word, as it is used in section 73 of the Civil Code of Practice.

The contention of counsel for appellant is that the appellee company *resides* in every county in Kentucky in which it has a station, and that a person who is injured by its negligence may bring his suit in any one of such counties.

Subsection 32 of section 732 of the Civil Code provides that the words "residence," "reside" mean, with reference to a corporation, its chief office or place of business, and this court has held this to mean the county in which the chief officer resides.

In construing section 73, it must be remembered that it applies to actions against any common carrier, whether a corporation or not.

### CITATIONS.

The residence of a railroad corporation is in the county where it has its "*chief*" office or place of business." Civil Code, section 732, subsec. 32; Sherrell v. C. & O. Ry. Co., 89 Ky., 302; Harper v. N. N., &c., Co., 90 Ky., 359; Chesapeake & Ohio R. Co. v. Cowherd, 96 Ky., 113.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

This suit was brought in the Nicholas circuit court by the appellant, who was a resident of the State of Texas, to recover damages for injuries inflicted on him by the gross negligence of the defendant. His cause of action is fully set out in apt language. A summons was executed upon the defendant by delivering a copy to W. H. Harris, defendant's freight and passenger agent, at Carlisle, Nicholas county. The defendant pleaded in abatement the following facts: That defendant is a corporation created under the laws of Kentucky, and has for

many years been a common carrier of freight and pas-
sengers, and that Milton H. Smith is now the president
and chief officer of the defendant, and was such at the
time of the injuries complained of, and has at all times
since resided and now resides in Louisville, Jefferson coun-
ty, Ky., and the chief office and residence of defendant
was during all that time in Louisville, Jefferson county;
that neither the infant plaintiff nor his statutory guard-
ian resided in Nicholas county or the State of Kentucky
at the time of the institution of the suit, nor at the time
of the alleged injuries, nor at any time since or now re-
sides in the State of Kentucky, and that the alleged injury
was not sustained in the State of Kentucky, but was sus-
tained in Louisiana,—which facts the defendant pleaded
and relied on as showing that the Nicholas court had no
jurisdiction of the defendant as to the subject-matter of
the action.  Plaintiff's demurrer to said answer was over-
ruled by the court.  Thereupon plaintiff - replied.  The
substance of the reply is that defendant, long before and
at the time of plaintiff's bringing this suit and now, runs
its regular passenger train through Carlisle, Nicholas
county, and that it has a freight and passenger depot in
said city, and during all of said time then and there car-
ried on business pertaining to said road, and that defend-
ant has an office in both of said depots, and has had during
the whole of said time regular authorized agents in each,
transacting business for and on behalf of the defendant.
By an amended answer, it is alleged that the residence of
Milton H. Smith, the president and chief officer of de-
fendant company, and the chief officer of defendant, was,
at the time of the alleged injuries complained of in the
petition, and has been continuously, in Louisville, Ky.,
and such residence is still there.  The demurrer of defend-
ant filed to the reply of the plaintiff was sustained by the

court, and, the plaintiff declining to plead further, his petition was dismissed; hence this appeal.

The sole question presented for consideration is whether the Nicholas circuit court had jurisdiction of the cause of action. It is conceded that neither the infant nor his guardian was ever a citizen of Kentucky. It is also conceded that the injury was inflicted in the State of Louisiana. It is contended for appellee that section 73 and subsection 32 of section 732 of the Civil Code of Practice conclusively settle that under the facts in this case the Nicholas circuit court had no jurisdiction. Section 73 reads as follows: "Excepting the actions mentioned in section 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant or either of the several defendants, resides; or in which the contract is made; or in which the carrier agrees to deliver the property. An action against such carrier for an injury to a passenger or to other person or his property, must be brought in the county in which the defendant or either of several defendants resides; or in which the plaintiff or his property is injured, or in which he resides if he resides in the county through which the carrier passes;" Subsection 32 of section 732 reads as follows: "The words 'residence,' 'reside,' mean, with reference to a corporation, its chief office or place of business." Appellee also cites the following: Sherrill v. Railway Co., 89 Ky., 302 (11 R. 502) 12 S. W., 465; Harper v. Railroad Co., 90 Ky., 359 (12 R. 333) 14 S. W., 346; Railroad Co. v. Cowherd, 96 Ky., 113 (16 R., 373), 27 S. W., 990. The first-named case was an action brought in the Hardin circuit court to recover damages for the destruction of the life of John T. Sherrill by the alleged willful neglect of appellee's servants and agents. The only inquiry nec-

essary to be made by the court was whether the court erred in overruling the demurrer to the answer in which it is stated that neither the plaintiff, his intestate, the defendant, nor its chief officer ever resided in Hardin county, and that the plaintiff's intestate did not receive the injury therein. The court, after quoting section 73 of the Code, says: "It will be seen that section required this action, which is against a common carrier for personal injury, to be brought in the county in which the defendant resided when it was commenced, or, by fair construction, where its chief officer resided, if in the State or in the county in which the plaintiff, or, by construction, his intestate, was injured, or in which the plaintiff resided when the action was commenced. But, taking the statements of the second paragraph of the answer to be true for purpose of trying the demurrer, as they must likewise be regarded in the absence of a reply, it seems to us the Hardin circuit court has no jurisdiction, and, consequently, the demurrer was properly overruled, and a dismissal of the action followed inevitably, for that county is not either the residence of any of the parties nor the county where the injury was done. Subsection 4, section 51, relates altogether to the county in which a summons in an action brought pursuant to section 73 may be served, but does. not prescribe the county in which such action must be brought, nor determine the jurisdiction of the court in respect to the county. Judgment affirmed." The case of Harper v. Railroad Co. was a suit brought by appellant Harper in the McCracken common pleas court against appellees to recover for personal injuries done in Graves county by an engine running over him. The suit was against two railroad companies. The summons was issued agaist both defendants, and returned executed on the Newport News, etc., by delivering to J. W. Briggs a copy

stating that he was the chief officer of the companies in that county; and executed on the Chesapeake, Ohio & Southwestern Company by delivering to John Echols a copy, it being stated that he was the chief officer of that company. The Chesapeake, Ohio & Southwestern Company filed a general demurrer to the petition, which was sustained, and properly so, as stated in the opinion, for the reason that the Newport News & Mississippi Valley Company, having the exclusive control of the road, was unanswerable in damage to the plaintiff. The latter company filed a plea to the jurisdiction of the court for the following causes: (1) That the plaintiff resides, and the alleged injury was done, in Graves county; (2) that the chief office, residence and place of business of defendant is in Jefferson county; (3) that John Echols, being its vice president and chief officer and agent in Kentucky, is in that county. The general demurrer to that plea was overruled, and, the plaintiff declining to plead further, judgment was rendered dismissing the action for want of jurisdiction. The court then held that the precise question involved was decided in the case of Sherrill v. Railway Co., supra. This court affirmed the judgment, and in discussing the question said: "In that case, the residence of a corporation which is a common carrier was held to be according to a fair construction of the Code, the county in which its chief officer or agent, if in the State, resides when the action is commenced. Who the chief officer or agent is, in the meaning of the Code, is determined by subsection 33, section 732, as follows: "The chief officer or agent of a corporation which has any of the officers or agents herein mentioned is, first, its president; second, its vice-president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk; sixth, its managing agent.' In case of a

railroad corporation, it is obvious that the residence of its president, if there be one in the State, or, if not, its vice-president, if there be one in the State, was intended, and must be treated as the residence of the corporation in determining jurisdiction of the defendant in actions like this; and as this action, being for a personal injury, was not brought in the county in which the vice-president, who is chief officer of the defendant, Newport News & Mississippi Valley Railroad Company, resides, nor in the county in which the plaintiff was injured, nor in the county in which either he or his next friend suing for him resides, it necessarily follows the lower court has no jurisdiction of the defendant. But it is contended that the jurisdiction in a case like this is regulated by section 72, which applies to actions against corporations generally, and does not relate, as is the case of section 73, to corporations that are, like the defendant here, common carriers. To adopt that view would result in leaving section 73 without any meaning or application whatever, and, moreover, violate a well-settled and entirely reasonable rule of construction. That section 72 was not intended to apply to actions against common carriers is made plain by the express exception therein contained of actions mentioned in section 73. It seems to us that every reasonable facility is given to the plaintiff in an action like this by the provision authorizing him to bring his action in either the county where the injury is done or in the county where he may then reside, if it be one into which the carrier passes, or in the county of the defendant's residence; and clearly it can not be brought elsewhere." The case of Railroad Co. v. Cowherd, 96 Ky., supra, is where a resident of this State was injured in the State of West Virginia through the negligence of appellant, a nonresident and a common carrier.

He brought his action in the Jefferson court of common pleas, and process was executed on a ticket agent of the corporation stationed at Louisville. The carrier has no chief office or place of business in this State, and no chief officer or agent residing in this State. It does not pass into or through the counties of Jefferson or Shelby, but does run from Lexington eastwardly through a number of counties in this State. The question of jurisdiction, as well as of the sufficiency of the service of process, was made by appropriate plea and motion to quash, and both plea and motion having been determined adversely to the appellant, a trial was had, resulting in a verdict for the plaintiff. This court held that the Jefferson court had jurisdiction, and that the summons was served upon the proper party.

The appellant has filed a very able and exhaustive brief in support of his contention that the residence of the defendant is in any county where it operates and has a place of business and an agent transacting its business, and it is insisted further that, if such county or place be not the residence of the corporation, still by the terms of the Code an action may be brought in any county in which the corporation does business through a resident agent of said county. Many authorities seem to sustain his contention; and it is insisted further that statutes similar to section 73 of the Code have been so construed by many courts of last resort, and that under a well-recognized rule or canon of construction that the Legislature, when enacting the Code, must be presumed to have intended to include the constructions theretofore given; or, in other words, to adopt the same. It seems to be conceded by appellant that this court has substantially decided adversely to his contention, and it seems clear to us that the decision in 89 Ky., supra, is decisive of the

question herein involved. It will be seen that the aver-ment of the answer is that the chief officer of defendant, Milton H. Smith, has all the time resided in Jefferson county, and the chief place of business of the defendant is in Jefferson county, which averments were not denied by the reply, and hence must be taken as true.

After a careful consideration of the Code and the de-cisions construing the same, we are of opinion that the true construction and meaning of the Code and the deci-sions supra settle and determine that the suit under con-sideration could only be brought in the county wherein the chief officer of the corporation resided, or in the coun-ty in which it had its chief office.

It results from the foregoing that the Nicholas circuit court had no jurisdiction of the action. Judgment affirmed.