## Jewell v. Louisville & Nashville R. R. Co.

(Decided November 23, 1911.)

### Appeal from Fayette Circuit Court.

Railroads—Action on Contract to Carry Property—Jurisdiction.— Under section 73, Code of Practice, providing that an action against a common carrier upon a contract to carry property must be brought in the county in which the defendant, or either of several defendants resides, or in which the contract is made, or in which the carrier agrees to deliver the property, Fayette county being neither the home of the defendants, nor the place where the contract was made, nor where the goods were to be delivered, the Fayette Circuit Court had no jurisdiction for damages to stock shipped.

BAILEY D. BERRY for appellant.

BENJAMIN D. WARFIELD, SHELBY & SHELBY and CHAS. H. MOORMAN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This appeal raises a question of jurisdiction. On December 15, 1910, A. H. Jewell, a resident of Fayette County, Kentucky, shipped a carload of mules and

horses over the line of the Louisville & Nashville R. R. Co. from Cincinnati, Ohio, to Wilmington, N. C. Alleging that the stock was negligently and carelessly handled by the company while in transit, he instituted a suit in the Fayette Circuit Court to recover of the railroad company damages alleged to have been sustained thereby. The defendant's answer was a plea to the jurisdiction of the court. Upon demurrer this was adjudged good and the suit dismissed.    To test the correctness of this ruling the plaintiff appeals.

The venue of the action depends upon the construction of sec. 73 of the Code, which is as follows:

"An action against a common carrier, whether a corportion or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the contract is made; or in which the carrier agrees to deliver the property.    An action against such carrier for an injury to a passenger, or to other persons or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he reside in a county into which the carrier passes."

The defendant contended that the action came within the first clause of section 73, inasmuch as it was based upon a contract to carry property; while the plaintiff insisted that the second clause of the section authorized the suit to be brought in Fayette County, as it was one for an injury "to other person or his property."

The contention of appellee is right, for the cause of action arises out of a contract to carry property and no cause of action could possibly have accrued to appellant except for the contract which appellee entered into with him to carry his property from Cincinnati to Wilmington; and it is immaterial whether the claim he regarded as bottomed upon contract or in tort, for in either case the injury or damage for which redress is sought, arises out of a contract to carry property.

The Legislature, in the exercise of its power, has plainly declared that the venue of actions against a common carrier, growing out of a breach of duty under a contract to carry property, should be different from that in actions against them for injury to a passenger or other person or his property. An action for damage growing out of a contract to carry property may be brought in any one of three places: first, where the de-

fendant, or either of the defendants, resides; second, where the contract was made; or third, where the goods are to be delivered. Under the second clause of this section the action may likewise be brought in any one of three places: first, in the county in which the defendant, or either of the defendants, resides; (it will be observed that in this particular the two clauses are identical): second, at the place where the plaintiff or his property is injured; and third, at the plaintiff's residence, if he resides in a county into which the carrier passes. Evidently the Legislature had some reason for thus fixing the venue in cases growing out of a contract to carry property different from that class of cases in which redress is sought for an injury to a passenger or other person or his property. With this reason or the wisdom thereof we are not concerned. Our inquiry is limited to the simple question, does it exist.

In Wilson v. L. & N. R. R. Co., 112 S. W., 585, this section of the Code was construed. There the plaintiff, Wilson, contracted with the 'Frisco Line at Afton, Indian Territory, to transport a carload of household goods and live stock to a point in Estill County, Ky. By the terms of the contract he had a right to ride in the car with the goods to its destination. At St. Louis, Missouri, this car was delivered to the Louisville & Nashville R. R. Co., for transportation by it from St. Louis to Richmond, Kentucky. There it was delivered to the Louisville & Atlantic R. R. Co., to be taken to its destination in Estill County. After reaching Kentucky, Wilson brought a suit in the Madison Circuit Court against the Louisville & Nashville and Louisville & Atlantic Railroads, in which he sought damages for various injuries and wrongs and among the items claimed was one for $50 damage to his goods and another for personal injuries sustained by him. The Louisville & Nashville R. R. Co., filed a plea to the jurisdiction of the Madison Circuit Court as to each of the causes of action. The plea was overruled as to the claim for $50 for damage to the goods, and sustained as to the claim for personal injury. Upon appeal here from this latter ruling of the court, counsel for plaintiff Wilson insisted that the injury to himself, as well as to his property, arose out of the contract of shipment; that the injuries arose from one wrongful act and that, under sub-divisions one and six of section 83 of the Code, he had a right to sue in one action for both the injury to himself and his property. In disposing of this question, after having quoted sec-

tion 73, supra, and recited that it authorized the suit to be brought either in the home county of the carrier, or where the contract was made or the goods to be delivered, the opinion concludes:

"In this case the Louisville & Nashville Railroad Company agreed to deliver the property at Richmond, Madison County, Kentucky. Therefore, it was proper to bring an action growing out of the contract of shipment in the Madison Circuit Court. But the latter part of section 73 expressly provides that an action for an injury to a passenger, "or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he resides in a county into which the carrier passes." By the latter provision no authority is given to bring an action for an injury to a passenger in the county where the carrier agrees to deliver the property, On this account section 83 does not remedy the matter, for under that section one of the conditions precedent to uniting several causes of action is that each may be brought in the same county. No authority being given to bring the action for injury to a passenger in the county where the carrier agrees to deliver the property, it necessarily follows that the two causes of action cannot be brought in the same jurisdiction."

In this opinion it is clearly held that an action for an injury or damage growing out of a contract to carry property can only be brought in one of the three places indicated in clause one of section 73.

In Illinois Central R. R. Co. v. Stith's Admr., 120 Ky., 237, a recovery was sought for the negligent killing of the plaintiff's intestate at Caneyville, Grayson County, Kentucky. Deceased was a resident of Louisville, Jefferson County. The defendant railroad filed a plea to the jurisdiction in which it set up the fact that the accident occurred in Grayson County, the deceased at the time he was killed was a resident of Jefferson County, that appellee, as his administratrix, resided in Jefferson County, that the defendant railroad had its chief office in Jefferson County and that the engineer, who was made a party to the suit, did not reside in Hardin County and it asked a dismissal of the action because the Hardin Circuit Court did not have jurisdiction. The allegations as to residence in this plea to the jurisdiction were traversed and it was shown that at the time of the institution of the suit the administratrix of the de-

ceased lived in Hardin County. It was held that she was therefore entitled to prosecute the suit in that court. In this opinion the reason of the Legislature in adopting clause two of article 73 is discussed in the following language:

"When the General Assembly enacted clause 73 of the Code it evidently had the convenience of all parties in mind. Therefore, it allowed the plaintiff to sue at the home of the defendant, if he so desired, or to go to the county where the injury was inflicted and where it would probably best suit the convenience of the witnesses, or to his home county, provided the carrier passed through such county. The purpose of this last clause was to place the jurisdiction convenient to the plaintiff and yet not inconvenient to the defendant. The fact that plaintiff resided there, would make it convenient for him and the fact that the defendant passed through the county would insure that it would not be unreasonably inconvenient to it. There is reason in this provision."

Whether or not the Legislature, in enacting the first clause of section 73, was actuated by the same desire as the court said it evidently was in enacting the second clause, is, of course, a matter of conjecture; but it is altogether probable that some such desire influenced the passage of this clause. Be that as it may, the Legislature has plainly said that all actions for damage growing out of a contract for the carriage of property must be brought in one of three designated places. Hence no suit of this character can be brought elsewhere. It is possible that no good reason can be assigned as to why the venue of a suit for damages growing out of a contract to carry property should be laid different from that in a case involving the injury to a passenger or other person or his property. But since this was a matter confided to the legislative will, it is immaterial whether the Legislature acted wisely or not in thus providing. Where this legislative intent is clearly expressed it is the court's duty to follow it. Under section 73. all suits arising out of a contract for the carriage of property must be brought in some one of the three places designated in clause one of said article; and any suit for damage or injury to property not arising out of a contract of carriage of property must be brought in some one of the three places designated in clause two of said article. The litigant is not left to any choice in the matter.

In the case at bar the court correctly held that the

suit, being one growing out of the contract to carry property, could not be brought in Fayette County, which was neither the home of the defendant, nor the place where the contract was made, nor where the goods were to be delivered.

Judgment affirmed.