# Knight v. Pennsylvania R. Co.

(Decided May 19, 1936.)

THOMAS C. MAPOTHER for appellant.

CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER.
—Reversing.

Appellant, Charles H. Knight, sued the appellee, Pennsylvania Railroad Company, in the Jefferson circuit court to recover $529.13 for damages to livestock shipped from Chicago to Raleigh, N. C., over the lines of the defendant and its connecting carriers. The damages were caused, as alleged, by the death and injury of hogs and the loss suffered by a decline in the market price during an unreasonable delay in transportation. Summons was served upon the agent and chief officer of the company in Jefferson county. The defendant filed a plea to the jurisdiction of the court, setting out that it is a foreign corporation; Jefferson county, Ky., is not the county of its residence, nor the county in which it agreed to deliver the property, the contract being for shipment from Chicago, Ill., to Raleigh, N. C.; that the Jefferson circuit court does not have jurisdiction of the case or the cause of action. This was verified by the agent upon whom the summons had been served, who described himself in the verification as the defendant's chief officer in Jefferson county, Ky., and the process agent of the defendant. A demurrer to the plea having been overruled, a reply was filed which, following a traverse, affirmatively alleged (so far as material to the question at issue) that the plaintiff is a resident of Jefferson county, Ky.; the contract was to be performed in North Carolina; the action is transitory, coming within the terms of section 78 of the Civil Code of Practice; the defendant does reside and maintain its principal place of business in Kentucky at a certain address in Jefferson county; and that section 73 also permits the action to be brought in that county. It set out that the defendant for many years had been doing business in this state, and operating a line of railroad in that county, but in none other in Kentucky, and that Jefferson county is the county of its residence in Kentucky. An amendment averred that the defendant had previously become a corporation, citizen, and resident of Kentucky by complying with the provisions of section 841 of the Kentucky Statutes. A demurrer to the reply to the plea to the jurisdiction was sustained, and, the plain-

tiff having declined to plead further, the court dismissed his petition. He brings appeal.

Section 78 of the Civil Code of Practice provides that any action not required by preceding sections to be brought in some other county may be brought in any county in which the defendant resides or is summoned. In relation to a suit such as the one at bar, section 73 provides that an action against a common carrier upon a contract to carry property must be brought in the county in which the defendant resides,. or in which the contract was made, or in which the carrier agreed to deliver the property. Continuing, the section provides for venue of actions for an injury to a "person or his property," not only in the county in which the defendant carrier resides, but also in the county where he or his property was injured, or in the county in which the plaintiff resides, provided the carrier passes therein. Section 72 first appears in its present form (excepting the amendment of 1928 respecting actions brought by personal representatives) in the Code of 1877. As section 102 in the Code of 1854, the venue against a carrier for an action on contract or for a tort was placed in any county through which its line passed. The effect of the change in 1876 is to restrict the venue of actions in tort not purely transitory to the county in which (1) the carrier resides, (2) the injury occurred, or (3) the plaintiff resides if the carrier passes through that county. It limits actions upon a contract of carriage, however, to the county where (1) the carrier resides, (2) the contract was made, or (3) the delivery was undertaken. Richardson v. Louisville & N. R. Co., 129 Ky. 449, 111 S. W. 343, 112 S. W. 582, 33 Ky. Law Rep. 916, 972; Jewell v. Louisville & N. R. Co., 145 Ky. 493, 140 S. W. 689, 691.

In construing section 73 in its relation to tort actions in Illinois Central R. Co. v. Stith's Adm'r, 120 Ky. 237, 85 S. W. 1173, 1174, 27 Ky. Law Rep. 596, 1 L. R. A. (N. S.) 1014, the court said:

"When the General Assembly enacted section 73 of the Code, it evidently had the convenience of all parties in mind. Therefore it allowed the plaintiff to sue at the home of the defendant, if he so desired, or go to the county where the injury was inflicted, and where it would probably best suit

the convenience of the witnesses, or to his own home county, provided the carrier passed through such county. The purpose of this last clause was to place the jurisdiction convenient to the plaintiff, and yet not inconvenient to the defendant. The fact that plaintiff resided there would make it convenient for him, and the fact that the defendant passed through the county would insure that it would not be unreasonably inconvenient to it. There is reason in this provision."

Quoting those remarks in the Jewell Case, it is suggested that some such desire may have actuated the enactment of the second part of section 73 relating to suits on contracts. Ordinarily, the shipper may sue for damages to his goods either in contract or in tort for breach of the public duty of the carrier. 1 C. J. 1025. Whether this action be regarded as one strictly in tort, in which the venue is clearly in Jefferson county because it is the plaintiff's residence and the carrier is doing business therein, or in contract, it is not necessary to consider, for in either event venue lies in the county in which the defendant resides. If the defendant railroad company resides in Jefferson county, that is sufficient.

The decision is rested upon this without any purpose to determine one way or the other whether it is a transitory action coming within the terms of section 78.

The defendant complied with section 841 of the Statutes, requiring as condition precedent to doing business in Kentucky that a foreign railway corporation shall become a "corporation, citizen and resident of this state," by filing a copy of its charter in the office of the secretary of state and with the Railroad Commission. By doing so, a foreign corporation is not re-created and does not lose its citizenship in the state in which it is incorporated so as to deprive it of the right of removal of a suit to a court of the United States on account of diverse citizenship or become a domestic corporation for the purpose of paying an organization tax under section 4225, Kentucky Statutes. Cincinnati, N. O. & T. P. Ry. Co. v. Commonwealth, 119 Ky. 196, 83 S. W. 562, 26 Ky. Law Rep. 1106; Caughan, Secretary of State, v. Nashville, C. & St. L.

Ry., 192 Ky. 137, 232 S. W. 411, 18 A. L. R. 124; Louisville, New Albany & Chicago Ry. Co. v. Louisville Trust Co., 174 U. S. 552, 19 S. Ct. 817, 43 L. Ed. 1081. But, by accepting this grant of privilege to do business in Kentucky, the corporation does become domesticated and a resident as respects its property, operations, and conduct within the state. It is expressly made subject to the provisions of section 571 of the Statutes, requiring that all corporations except foreign insurance companies "shall at all times have one or more known places of business in this state, and an authorized agent or agents thereat, upon whom process can be served." It is amenable to the laws of Kentucky, and at home to the sheriff as well as to a patron. Chesapeake & Ohio R. Co. v. Cowherd, 96 Ky. 113, 27 S. W. 990, 16 Ky. Law Rep. 373. Therefore, so far as the purpose being considered is concerned, the defendant must be regarded in the state in the same way and to the same extent as a purely domestic Kentucky corporation.

Since no one would contend the law could have extraterritorial effect, when the Legislature fixed the venue against a common carrier in the county in which it resides, quite obviously in respect of a licensed foreign corporation it meant a county in Kentucky and not a county in Pennsylvania or another state where the defendant was born and continues its home. Section 732 of the Civil Code of Practice, prescribing rules for construing the provisions of the Code of Practice, in subsection 32 declares that the word "reside" means, with reference to a corporation, its "chief office or place of business." Subsection 33 defines who are and the rank of chief officers and agents of a corporation in this connection. The residence of a corporation is regarded as the county in which its chief officer or agent resides when the action is commenced. Harper v. Newport News & Mississippi Valley R. Co., 90 Ky. 359, 14 S. W. 346, 12 Ky. Law Rep. 333. No distinction is made between the residence of a domestic and of a foreign corporation. Melton's Adm'r v. Southern Railway Co., 236 Ky. 629, 33 S. W. (2d) 690. The chief officer and agent and the place of business of the defendant in Kentucky are in Jefferson county. It does business in none other, according to this record.

The interpretation of section 73, Civil Code of Practice in Chesapeake & O. R. Co. v. Cowherd, supra, is not decisive of the case at bar. At that time that railway company's line did not pass into Jefferson county nor extend farther west than Fayette county. A citizen of Shelby county sued it in Jefferson county upon a cause of action arising from personal injuries suffered in West Virginia. The summons was served on a ticket agent of the defendant in Louisville. Since the case was not localized by the terms of section 73, it was held to be a transitory action, and the jurisdiction of the Jefferson circuit court was sustained.

The case of Jewell v. Louisville & N. R. Co., supra, is not adversely controlling. Jewell, a resident of Fayette county, sued the Louisville & Nashville Railroad Company in that county for damages to a shipment of livestock over its lines from Cincinnati, Ohio, to Wilmington, N. C. Passing by any question as to the action being a transitory one, since the parties confined their contentions to the effect of section 73, Civil Code of Practice, the court held the venue was not in Fayette county, since it was not "the home of the defendant, nor the place where the contract was made, nor where the goods were to be delivered." The residence of the Louisville & Nashville Railroad Company was and is in Jefferson county, Ky. Louisville & N. R. Co. v. Mitchell, 162 Ky. 253, 172 S. W. 527.

Likewise in Melton's Adm'r v. Southern Railway Co., supra, it was held that venue of a suit against a foreign carrier corporation arising from the death of a man resulting from injuries sustained in Virginia was not in Bell county, Ky., for the decedent did not reside there, and, although the defendant had an agent in that county, its chief office or place of business in Kentucky was in Jefferson county.

If the defendant, Pennsylvania Railroad Company, does not reside in Jefferson county where this action was brought, then it does not reside in Kentucky. To hold otherwise than that it does reside there, would be to write into the Code an exception for foreign corporations doing business in this state upon an equality with domestic carriers, and thereby give them an advantage which manifestly was never intended.

We are of opinion, therefore, that the defendant

·did reside in Jefferson county and that the plaintiff had the right to maintain his action there. Hence it was error to sustain the demurrer to the reply to the .jurisdiction of the court.

Judgment reversed.

Whole court sitting.