**TRIZNA v. NEW YORK, C. & ST. L. R. CO.**

District Court, S. D. New York.

Oct. 17, 1944.

Gerald F. Finley, of New York City, and Clinton J. Wall, of Youngstown, Ohio, for plaintiff.

Cravath, Swaine & Moore, of New York City, for defendant.

RIFKIND, District Judge.

The defendant moves for an order vacating the service of process and dismissing the action for lack of venue on the ground that defendant is not doing business in this district and on the further ground that to maintain this action in the district would constitute an unreasonable burden upon interstate commerce.

The action is brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. Plaintiff is a citizen and resident of Ohio. The injuries complained of were sustained in Ohio. Defendant is a consolidated railroad corporation and its articles of consolidation are filed in the States of New York, Pennsylvania, Ohio, Indiana and Illinois. Its principal office is in Cleveland, Ohio. Its eastern terminus is in Buffalo, New York. It has no railroad lines in the Southern District of New York.

The issue presented by the motion is whether the defendant was doing business in this district at the time of the commencement of the action.

According to the defendant's affidavits its activities in the Southern District of New York consist of the following:

1. It maintains an office at 405 Lexington Avenue, which houses the eastern freight agent, the eastern passenger agent and the supervisor of traffic solicitation, together with several freight solicitors and about five clerks. None of the persons mentioned sells railway tickets. They are engaged in the solicitation of freight and passenger business over the defendant's

lines. None of the employees at the mentioned office performs any duties of a financial character.

2. The defendant has several bank accounts in New York City, one of which is active and all can be drawn upon only by officers located in Cleveland.

3. For its several issues of securities, defendant has employed transfer agents, registrars and trustees who are located in this district.

The plaintiff's affidavit calls attention to the facts that defendant's timetables show scheduled operation through to New York in the Southern District of New York and that its maps show contact with connecting carriers into this district; that a very large percentage, to wit, 74% of defendant's freight tonnage, is received from connecting carriers; and, finally, that three of defendant's directors are residents of New York.

■ The application of the law to these facts is not free from doubt. Solicitation alone, the authorities say, does not constitute doing business. Green v. Chicago B. & Q. Railway Co., 1907, 205 U.S. 530, 27 S. Ct. 595, 51 L.Ed. 916; Philadelphia & Reading Railway Co. v. McKibbin, 1917, 243 U. S. 264, 37 S.Ct. 280, 61 L.Ed. 710; People's Tobacco Co. Ltd. v. American Tobacco Co., 1918, 246 U.S. 79, 38 S.Ct. 233, 62 L. Ed. 587, Ann.Cas.1918C, 537. But very little in addition to solicitation is sufficient. Wood v. Delaware & H. R. Corp., 2 Cir., 1933, 63 F.2d 235; Schilling v. Delaware & H. R. Corp., 2 Cir., 1940, 114 F.2d 69; Frene v. Louisville Cement Co., 1943, 77 U. S.App.D.C. 129, 134 F.2d 511; Jacobowitz v. Thomson, D.C.S.D.N.Y.1943, 3 F.R.D. 471.

In the instant case the significant facts additional to solicitation are that the defendant maintains bank accounts here and that the trustees, registrars and transfer agents for the defendant's securities are in this district. I do not regard the mere indication on time-tables of the time of the scheduled arrival of connecting carriers in New York as anything of substance; and surely the residence of some of defendant's directors is irrelevant.

■■ Are the additional facts sufficient to warrant a finding that the defendant is doing business in this district? I cannot overlook the fact that in the Southern District of New York is located the financial center of the United States; that the registrars and transfer agents for most, if not all, of the major railroads are located in this district. To say that maintenance of a bank account and servicing of securities through independent agencies constitute enough, when added to solicitation, to warrant the finding that the defendant is doing business in the district means that a very large proportion of actions under the Employers' Liability Act would be maintainable in this district. If that is what the Congress intended, the argument that such a practice would be a burden upon interstate commerce is without force. Miles v. Illinois Central Railroad Co., 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129. But I do not think that such was the congressional intent and I, therefore, decide that the defendant was not engaged in doing business in the Southern District of New York. Moreover, I am inclined to decide as I do, so that, if I am in error, prompt correction can be had before the large expense has been incurred of trying in this district a case which has all its roots in a remote state.

Motion granted.