## James v. Nashville, C. & St. L. Ry.

June 10, 1949.

Allen, McElwain, Dinning, Clarke & Ballantine and Jos. B. Mc-Glynn for appellant.

Woodward, Hobson & Fulton for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Lewis E. James, sued the appellee, The Nashville, Chattanooga & St. Louis Railway, in the Jefferson Circuit Court to recover $100,000 for personal

injuries received by him while employed by the appellee as a brakeman. The accident in which appellant was injured occurred on October 8, 1946, in the Tracy City Yard of the appellee in Tracy City, Tennessee. The action was brought under the Federal Employers' Liability Act, 45 U. S. C. A. secs. 51 to 59, which gives State and Federal courts concurrent jurisdiction.

The appellee, a Tennessee corporation, operates a railway line which is located in Alabama, Tennessee and Kentucky. The line in Kentucky passes through Calloway, Fulton, Marshall and McCracken Counties to Paducah in McCracken County. Summons was served upon Paul C. Swann who was designated in the amended return of the sheriff as "The Chief Agent and highest officer of the defendant, The Nashville, Chattanooga & St. Louis Railway, a corporation, in the County of Jefferson and State of Kentucky." A motion to quash the sheriff's return, accompanied by the affidavit of Paul C. Swann, was filed, and the deposition of Paul C. Swann was taken as if upon cross-examination by the appellant. Swann in his affidavit stated in part: "* * * that for business purposes he is designated 'General Agent Traffic Department,' but his only duty and responsibility is the solicitation of freight traffic to be moved over the line of the defendant, Nashville, Chattanooga, and St. Louis Railway; that he is not authorized to make contracts for the defendant Railway, and his sole authority is the solicitation of business for it, as aforesaid; that defendant has no part of its line, or other property, in Jefferson County, except that it rents Room 220 in the Heyburn Building, in Louisville, Jefferson County, which is occupied by this affiant and used in the solicitation of business for the defendant; that the defendant has no other officer, agent or employee in Jefferson County, and had none at any time during any part of the year 1949, and that at no time during any part of said year has it transacted any business in Jefferson County, except the solicitation of traffic as aforesaid."

And further: "* * * that prior to the institution of this action this defendant complied with Kentucky Statutes Section 841 (now KRS 277.020) by qualifying to do business in this State, and as part of such qualification designated O. L. Boren, of Paducah, Kentucky, as its

duly authorized Agent upon whom process could be served, and designated Paducah, in McCracken County, as its principal place of business and legal residence in Kentucky, and at the time this action was filed, and long prior thereto, and continuously since, the defendant's principal place of business and legal residence in Kentucky was and is at Paducah in McCracken County, and its principal officer and agent upon whom process is authorized to be served in Kentucky, was and is O. L. Boren of Paducah, Kentucky.''

Swann's deposition disclosed that he was designated "General Agent Traffic Department," and was so listed in publications such as the Railway Company's time tables, station lists, and the Official Guide of Railways. He maintained an office in Louisville with three employees under him, but his sole duty was the solicitation of freight and he was without authority to assign cars to handle the freight traffic solicited or to make contracts for the appellee. The court sustained the motion to quash the sheriff's return, the appellant declined to plead further, and his petition was dismissed without prejudice. This appeal followed.

The sole question presented is one of venue. Section 73 of the Civil Code of Practice provides that an action against a common carrier for an injury to any person "must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he resides in a county into which the carrier passes." Appellant was not injured in Kentucky nor is he a resident of Kentucky. If section 73 of the Code controls, the only question presented is whether or not the appellee resides in Jefferson County. Appellant first contends that section 72 of the Code, rather than section 73 applies. Section 72 provides that an action for a tort against a corporation which has an office or place of business in this state, or a chief officer or agent residing in this state, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides or in the county in which the tort is committed. Appellant rests his contention that section 72 of the Code controls on a statement in the opinion in Reed's Adm'x v. Illinois Central

Railroad Company, 182 Ky. 455, 206 S. W. 794. There, the railroad company, a resident of Kentucky, brought an action against the administratrix of the estate of Reed to enjoin her from prosecuting an action under the Federal Employers' Liability Act in a state court of Minnesota against the railroad company for damages for the death of her intestate who was killed in an accident in Owensboro, Kentucky, while employed by the railroad company and who was a resident of Kentucky at the time of his death. The court affirmed a judgment enjoining the administratrix from prosecuting the action, but in the course of the opinion stated that the F.E.L.A. permitted the action to be brought in a state court at any place where it might be brought in a district court of the United States. It seems that this statement was unnecessary in the decision of the case, but, be that as it may, the Supreme Court of the United States, in Miles v. Illinois Central Railroad Company, 315 U. S. 698, 62 S. Ct. 827, 830, 86 L. Ed. 1129, 146 A. L. R. 1104, held that the Federal Act does not fix the venue when the action is brought in a state court, but the state law on venue remains undisturbed. The court said: "The venue of state court suits was left to the practice of the forum. The opportunity to present causes of action arising under the F.E.L.A. in the state courts came, however, not from the state law but from the federal. By virtue of the Constitution, the courts of the several states must remain open to such litigants on the same basis that they are open to litigants with causes of action springing from a different source."

It follows that section 73, rather than section 72, of our Civil Code controls. Harper v. Newport News & M. V. R. Co., 90 Ky. 359, 14 S. W. 346.

Does the appellee reside in Jefferson County within the meaning of section 73 of the Code? We think not. Paul C. Swann, on whom process was served, was merely a soliciting agent without authority to bind appellee by contract. His sole duty was to solicit freight traffic. The appellee maintained an office in Paducah where it operated a line of railway and where it had an agent with authority to make binding contracts. The agent there assigned cars for the transportation of the freight solicited by Swann, and controlled the movements of that

traffic. In view of these facts, it cannot be fairly contended that Jefferson County, rather than McCracken County, is the residence of appellee within the meaning of section 73 of the Code. Section 732 of the Civil Code of Practice prescribes the rules which shall prevail in construing the provisions of the Code. Subsection 32 reads: ''The words 'residence,' 'reside,' mean, with reference to a corporation, its chief office or place of business.'' In Knight v. Pennsylvania R. Co., 264 Ky. 412, 94 S. W. 2d 1013, 1015, it was said: ''Section 732 of the Civil Code of Practice, prescribing rules for construing the provisions of the Code of Practice, in subsection 32 declares that the word 'reside' means, with reference to a corporation, its 'chief office or place of business.' Subsection 33 defines who are and the rank of chief officers and agents of a corporation in this connection. The residence of a corporation is regarded as the county in which its chief officer or agent resides when the action is commenced.''

Surely Paul C. Swann, when the limited nature of his authority is considered, was not appellee's chief officer or agent in the state when the action was commenced. Jewell v. Louisville & N. R. Co., 145 Ky. 493, 140 S. W. 689; Melton's Adm'r v. Southern Ry. Co., 236 Ky. 629, 33 S. W. 2d 690. In Makeever v. Georgia Southern & Florida R. Co., 219 Ky. 699, 294 S. W. 144, 146 this court said: ''It appears to be settled that the mere solicitation of business by the agent of a foreign corporation does not constitute the doing of business in such a way as to manifest the presence of the corporation in the state, and to justify its enforced appearance in the courts thereof by summons.''

Jurisdiction was upheld in the Makeever case, but it was held that there must be solicitation plus other activities, which are absent in the present case. To the same effect are Glass Coffee Brewer Corp. v. Embry, 292 Ky. 483, 166 S. W. 2d 818; Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Abraham Bros. v. Southern Ry. Co., 149 Ala. 547, 42 So. 837; Gloeser v. Dollar S. S. Lines, 192 Minn. 376, 256 N. W. 666. 95 A. L. R. 1470; Maisel v. Gdynia America Shipping Lines, D. C., 18 F. Supp. 727; Murray v. Great Northern Ry. Co., D. C., 67 F. Supp.

944; Kelley v. Delaware, L. & W. R. Co., D. C., 76 F. Supp. 600, affirmed 1 Cir., 170 F. 2d 195; Maxfield v. Canadian Pac. Ry. Co., 8 Cir., 70 F. 2d 982; Trizna v. New York, C. & St. L. R. Co., D. C., 57 F. Supp. 484, Cf. International Shoe Co. v. Washington, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A. L. R. 1057; Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F. 2d 788.

Even if it be conceded that the transactions in Jefferson County were sufficient to constitute "doing business" in the sense that a foreign corporation incurs liability to service in this state, yet, under the facts of this case, appellee did not reside in Jefferson County within the meaning of section 73 of the Civil Code of Practice, that not being the county where its chief office or place of business was located or where its chief officer resided.

Judgment is affirmed.