Cincinnati, N. O. & T. P. Ry. Co. v. Commonwealth.

CASE 25—PROCEEDING BY THE COMMONWEALTH BY AUDITOR'S AGENT TO COLLECT FROM THE CINCINNATI, N. O. & T. P. RY. CO. A TAX ON ITS CAPITAL STOCK.—DEC. 2.

# Cincinnati, N. O. & T. P. Railway. Co. v. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT—JAMES E. CANTRILL, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

TAXATION—RAILROADS—DOMESTIC AND FOREIGN CORPORATIONS—STATUTES—CONSTRUCTION.

Kentucky Statutes 1903, sec. 4225, requiring every domestic corporation having capital stock divided into shares to pay a tax on the stock, imposes a tax on railroad corporations organized under section 763, providing for the organization of railroad corporations, but does not impose a tax on a foreign railroad corporation operating a road in the State, and which has complied with section 841, authorizing a foreign corporation to operate a railroad in the State on filing with the Secretary of State and railroad commission a copy of its articles of incorporation; section 4225 expressly applying only to corporations incorporated under the laws of the State, and section 841 merely naturalizing foreign corporations.

IRA JULIAN, ATTORNEY FOR APPELLANT.

JOHN GALVIN, OF COUNSEL.

### POINTS AND AUTHORITIES.

1. This suit was instituted in February, 1903, prior to modification of the opinion in Davis' Admr. v. C. & O. Ry. Co., in July, 1903, and counsel for Commonwealth misapprehended proper effect of section 841, Kentucky Statutes. Davis' Admr. v. Commonwealth, 24 Ky. Law Rep., 1125, and same case, 25, Ky. Law Rep., 342.

2. It was never the intention of the Legislature that section 4225, Kentucky Statutes, should be applied to foreign railroad companies (already doing business in Kentucky), that filed

. Cincinnati, N. O. & T. P. Ry. Co. v. Commonwealth.

their articles of incorporation in the office of Secretary of State under section 841, Kentucky Statutes.

(a) Because section 841 was not in existence when section 4225 was enacted.

(b) Because the contemporaneous construction of section 4225 for a period of ten years—through three State administrations in Kentucky—has been that said Act did not apply to the foreign corporations domesticated under section 841. Mobile & Ohio R. R. Co. v. Commonwealth, 23 Ky. Law Rep., 784.

(c) Because of the position of section 4225 in the revenue law of the State—its context and title—showing it only applied to corporations originally incorporated in this State.

(d) Because the application of section 4225 to appellant would be unreasonable and unjust. Sutherland on Stat. Con., sec. 152.

(e) Because such companies as already had their railroads constructed through Kentucky, and operating same, acquired no new or additional right, or the right of eminent domain, by complying with section 841.

3. If section 4225 be construed to apply to foreign railroad companies like appellant, it would be void because a tax on interstate commerce and repugnant to Federal Constitution. Commonwealth v. Smith, 92 Ky., 38; Norfolk & Western R. R. Co. v. Pa., 136 U. S., 114; Crutcher v. Kentucky, 141 U. S., 58; Leioup v. Mobile, 127 U. S., 640; McCall v. California, 136 U. S., 104; Lyng v. Michigan, 135 U. S., 161.

4. Whenever one construction renders a statute unconstitutional, and another construction makes it valid, the courts will adopt the construction which makes the act valid. Waller v. Martin, 17 B. M., 190; State v. W. U. Tel. Co., 73 Maine, 518.


KOHN, BAIRD & SPINDLE, ATTORNEYS FOR APPELLEE.

POINTS AND AUTHORITIES.

1. An incorporation of a foreign corporation under section 841, Kentucky Statutes, is an incorporation within the meaning of section 4226, and the tax there called for must be paid. Constitution, secs. 202, 190, 211; Ky. Stat., secs. 841, 4226; Railroad v. McDonald, 109 Ky., 418; Davis v. Railroad, 25 Rep., 343; Com. v. Railroad, 23 Rep., 784; Minnesota v. Railroad, 43 Minn., 17; 44 N. W., 1033; State v. Railroad, 2 L. R. A., 564; Ashley v. Ryan, 49 Ohio St., 504, 31 N. E., 721, 153 U. S., 435; People v. Cook, 47 Hun., 467; 110 N. Y., 443; 148 U. S., 397; Taylor v. Railroad, 89 Fed., 119.

2. The incorporation tax required by section 4226 is imposed upon the incorporation of a company, and not upon making it

a citizen of Kentucky, for jurisdictional purposes. There is a decided distinction between the incorporation of a company and its citizenship. Railroad v. James, 161 U. S., 562; Louisville Trust Company v. Railroad, 174 U. S., 565; S. C., 75 Fed., 433; Davis v. Railroad, 25 Rep., 343; Taylor v. Railroad, 89 Fed., 119.

3. The doctrine of contemporaneous construction has no application where there is merely a failure of a public official to act. Railroad v. Coulter, 24 Rep., 203; Coulter v. Bridge Company, 24 Rep., 809, Louisville v. Railway, 23 Rep., 390; Fairbank v. United States, 181 U. S., 283; Insurance Company v. Fricke, 68 N. W., 950; 74 N. W., 372; 41 L. R. A., 557.

4. The payment of an incorporation tax by a foreign corporation incorporated under section 841, Kentucky Statutes, is not an infraction of the commerce clause or the fourteenth amendment of the Federal Constitution. Commonwealth v. Railroad, 23 Rep., 788; Ashley v. Ryan, 153 U. S., 435; New York v. Cook, 148 U. S., 397; Diamond Glue Company v. United States Glue Company, 187 U. S., 611; Railroad v. Indiana, 51 N. E., 924; Commonwealth v. Parlin Company, 26 Rep., 58.

JOHN W. RAY, ATTORNEY FOR APPELLEE.

POINTS.

1. By filing copies of its articles of incorporation in the offices of Secretary of State and railroad commission, which is authorized by section 765, Kentucky Statutes, and by section 841, Kentucky Statutes, in identical terms, appellant became liable to pay an incorporation tax under section 4226.

2. A re-incorporation is an organization by the authority of and under the laws of this State, so as to render such reorganized corporation liable to pay an incorporation tax under section. 4226. Commonwealth, by, &c. v. Licking Valley Building Assn., decided October, 1904.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This was a proceeding in the Franklin circuit court by the auditor's agent, under section 4241 of the Kentucky Statutes of 1903, to collect from the appellant an organization tax of one-tenth of one per cent. of the face value of its authorized capital stock. The case was submitted on the pleadings to the circuit judge for an adjudication as to the merits of the claim, with the result that a judgment was rendered

in favor of the Commonwealth against appellant for the sum of $3,000, and, in addition, the penalty allowed by law to the auditor's agent in such cases, amounting to $600.

There is, of course, no controversy as to the facts; the question being one purely of law, which must be solved by a proper construction of the statutes bearing on the subject. For convenience we deem it advisable to insert herein so much of the statutes of the State as appear necessary for the solution of the question before us:

Ky. St., 1903, section 763: "Any number of persons, not less than seven, may associate to form a corporation for the purpose of constructing, operating, and maintaining a rail-road. Such persons shall execute articles of incorporation, which shall specify the name of the proposed railroad, the num-ber of years the corporation is to continue, the amount of its capital stock, and the number of shares into which the same shall be divided; the number of directors, which shall not be less than five nor more than fifteen, and their names, the places from and to which, and the name of each county into or through which, it is intended to be constructed, and its length as near as may be. Each subscriber to such articles shall set opposite his name his place of residence and the num-ber of shares subscribed by him. Whenever two hundred and fifty dollars per mile has in good faith been subscribed, and twenty per cent. thereof paid in in cash, to the persons named in the articles as directors, and an affidavit made to that effect by two of said named directors and attached thereto, a copy of said articles and affidavit shall be filed in the office of the Railroad Commission, and in the office of the secretary of State; and when a certificate of such fact is delivered by the said officers to the incorporators, the persons who have subscribed such articles shall be a body corporate by the name specified in the articles, and as such

may sue and be sued, contract and be contracted with, have
a seal, and change the same at pleasure; may elect or appoint
directors, who shall choose from their number such officers
as may be necessary; may require from any officer or em-
ploye a bond for the faithful discharge of his duties, and
prescribe such by-laws for its government, and exercise such
powers as are necessary to the conduct of its business not
inconsistent with law."

Section 765: "No raidroad corporation, organized or cre-
ated by or under the laws of any other State, shall have the
right to condemn land for, or acquire the right of way for,
or purchase or hold land for its depots, tracks, or other
purposes, until it shall have first filed in the office of the
secretary of State of this State, in the manner provided
in the first article of this chapter, its acceptance of the Con-
stitution of this State, and shall have become organized
as a corporation under the laws of this State, which it may
do by filing in the offices of the Secretary of State and the
Railroad commission articles of incorporation in the manner
and form provided in section 763 of this article."

Section 841: "No company, association or corporation
created by, or organized under, the laws or authority of any
State or county other than this State, shall possess, con-
trol, maintain or operate any railway, or part thereof, in
this State until, by incorporation under the laws of this
State, the same shall have become a corporation, citizen and
resident of this State. Any such company, association or
corporation may, for the purpose of possessing, controlling,
maintaining or operating a railway or part thereof in this
State, become a corporation, citizen and resident of this
State by being incorporated in the manner following, namely:
By filing in the office of the secretary of State, and in the
office of the Railroad Commission, a copy of the charter or

articles of incorporation of such company, association or corporation, authenticated by its seal and by the attestation of its president and secretary, and thereupon, and by virtue thereof, such company, association or corporation shall at once become and be a corporation, citizen and resident of this State. The secretary of State shall issue to such corporation a certificate of such incorporation."

Section 842: "Any company, association or corporation that, after the first day of August, one thousand eight hundred and ninety-three, possesses, controls, maintains or operates any railway, or part thereof, in this State, without becoming incorporated as a corporation, citizen and resident of this State, as permitted by section 841, shall be guilty of a misdemeanor, punishable by a fine of not less than one thousand dollars for each day, or part thereof, that any railway, or part thereof, in this State, is possessed, controlled, maintained or operated by it. Any person that in anywise aids or assists, either as officer, agent, servant or employe in so possessing, controlling, maintaining or operating any railway, or part thereof, in this State, shall be guilty of a misdemeanor, punishable by a fine of not less than one hundred dollars for each day or part thereof that he so assists or aids."

Section 4225: "Every corporation which may be incorporated by or under the laws of this State, having a capital stock divided into shares, shall pay into the State treasury one-tenth of one per centum upon the amount of capital stock which such corporation is authorized to have, and a like tax upon any subsequent increase thereof. Such tax shall be due and payable on the incorporation of the company and on the increase of the capital thereof, and no such corporation shall have or exercise any corporate powers until

the tax shall have, been paid; and upon payment, they shall
file a statement thereof with the secretary of State." ·   · ·  ·
.,,Appellant is a foreign corporation, organized under the
laws ·of Ohio, operating, as lessee, a railroad through· the
State. of Kentucky, known as the "Cincinnati· Southern,"
under ·a ; contract. made in 1881 ; the ·road so operated having
been constructed under an act of the General Assembly of
the Commonwealth of Kentucky, .entitled "An act to author-
ize the trustees of the Cincinnati Southern Railway to acquire
the right of. way, and extend a line of railway through certain
counties in this . Commonwealth," approved. February 13,·
1872, and ·contained in Acts 1871-72, vol. 1, p. 23, c. 272,
By·this act certain named trustees were authorized to ex-
tend, construct, and maintain a line of railroad within the
Commonwealth of Kentucky, with single or double tracks,
with all the usual appendages, including a line of .telegraph,
and to exercise such powers vested in them under and by
virtue of an act of the General Assembly of the State of
Ohio, subject to the provisions and restrictions this act pro-
vides. These trustees were. given the power to acquire rights
of way by gift, grant, or purchase, or proceedings by *ad quod
dammum*, to be exercised in the mode pointed out in the act
and also to lease its railroad, for the ·purpose of being op-·
erated, to other persons or companies. The trustees and their
lessees were prohibited by the terms of the grant from in-
stituting any. action in the federal courts against a citizen
of this State, or of removing any action instituted against·
them to the federal courts. No question is made as to the reg-· 
ularity of the organization of either the lessor or lessee com-
pany or as to the latter being in lawful possession of the
franchises leased by it from the former, the sole question be-
ing as to whether the latter is subject to pay the organization
tax under section 4225, because it complied' with the provisions

of 841 and 842 of the statutes. After the enactment of these last sections, the appellant filed in the offices of the secretary of State and the Railroad Commission a copy of its charter, or articles of incorporation, as prescribed in section 841, and thereupon the secretary of State issued to it the certificate of incorporation authorized by that section. The organization tax required by section 4225 was not exacted by the secretary of State, it being both his opinion and that of appellant that it was not liable therefor. The auditor's agent, however, was of a different opinion. He regarded the act of appellant in filing a copy of its articles of incorporation with the secretary of State and Railroad Commission as an act of incorporation under the laws of Kentucky within the purview of section 4225, and instituted this proceeding to recover the organization tax. If he is correct in his construction, then the judgment of the circuit court should be affirmed; if not, it should be reversed, there being no question of the correctness of the judgment if appellant is liable at all.

An inspection of section 4225 will show that by its very terms it applies only to such corporations as have been incorporated by or under the laws of this State, having a capital stock divided into shares, while section 841 applies only to companies, associations, or corporations created by or organized under the laws or authority of any State or country other than this State, and without regard to whether they are, or not, stock corporations. Section 763 provides exactly how many number of persons, not less than seven, may associate to form a corporation for the purpose of constructing, operating, and maintaining a railroad. A comparison of the terms of section 763 with those of 841 will show the vast difference between what is required by the former to create railroad corporations by the laws of this State,

and what is required by the latter to naturalize railroad corporations created by a foreign jurisdiction. Section 841 does not deal with the creation of corporations. Section 763 shows how a railroad corporation may be created, and vitality breathed into it, by the power of the laws of our own Commonwealth. Each person desiring to be a constituent member of the proposed new corporation shall execute the articles of incorporation, and these shall specify the name of the proposed railroad, the number of years the corporation is to continue, the amount of its capital stock and the number of shares in which the same shall be divided, the number of directors which it shall have, their names, and the places from and to which, and the name of each county into or through which, the proposed railroad is to be constructed, and its length, as near as may be, given. Each subscriber is required to set opposite his name in the articles of incorporation his place of residence and the number of shares subscribed by him, and these articles of incorporation are required to be filed in the offices of the secretary of State and Railroad Commission, and when a certificate of such fact is delivered by these officers to the incorporators, the persons who have subscribed such articles shall be a body corporate by the name specified in the articles, and as such may sue and be sued, contract and be contracted with, have a seal, which they may change at pleasure, may elect or appoint directors, and prescribe by-laws for the government of the new corporation, and may exercise such powers as are necessary to the conduct of its business not inconsistent with law. Section 841 was not enacted for the purpose of creating corporations, but assumes them to have been already created. The language is: "Any such company, association or corporation may, for the purpose of possessing, controlling, maintaining or operating a railway or part there-

of in this State, become a corporation, citizen and resident of this State by being incorporated in the manner following, namely:  . . ." This section has nothing to do with shares of stock of corporations, and has nothing to say on that subject.   It is equally applicable to those which are joint stock corporations, and those which are not.  Section 4225 only applies to joint stock corporations, and section 763 . only provides for the creation of joint stock corporations.   If section 4225 applies to foreign corporations operating their roads through Kentucky, which have complied with the terms of section 841, then it is immaterial whether the given corporation has paid an organization tax to its native State or not, for there is no exception in the terms of the section last named in favor of a foreign corporation which has not so paid; and it would follow that if some great transcontinental railroad, with a capital stock perhaps of $100,000,000, should run through only one county of our State, it would be required, by the penalties denounced in section 842, to comply with the terms of section 841, and then, by the construction sought to be maintained by appellee, it would instantly owe the State an organization tax of one-tenth of one per cent. of the capital, or $100,000; and, if the various States through which it passed on the road from the Atlantic to the Pacific had laws similar to ours, such a construction  would lead to consequences prohibitory of the building of the road.

We are not questioning the right of the State to prescribe any terms it pleases as a condition precedent to the exercise of business by foreign corporations within its boundary. The question is,  not what the State may do, but what it has done; and while the argument of hardship is not always decisive as to the proper construction of a statute, and should never be allowed to overturn its plain letter, yet it is often

worthy to be weighed as a constituent in the problem; and we think, where two constructions of a statute are admissible by its terms (to place the matter as favorable to the appellee as possible), the one leading to consequences of unusual hardship and disaster, and the other resulting only in fairness and equity, the latter should be adopted. We are strengthened in the conclusion we have reached by a consideration of sections 555 and 556 of the Kentucky Statutes of 1903. Section 555 provides that any two or more corporations organized under the laws of Kentucky, or the laws of this and any other State, may consolidate into a single corporation. Section 556, in regulating the organization tax of the new corporation so created, contains this proviso: "'That no consolidated company formed under this chapter, or the laws of this State, shall be required to pay any organization tax, except that, if in the consolidation the capital stock of the consolidated company be increased, or be hereafter increased to an amount exceeding the aggregate capital stock of the constitutent companies at the time of the consolidation, then in that event the consolidated company shall not have or exercise any corporate powers until it shall have paid into the State treasury one-tenth of one per centum upon the amount of said increase, and upon such payment shall have filed a statement thereof with the secretary of State. If, however, any corporation hereafter formed in another State where no organization tax was required to be paid by it shall be consolidated with one formed in this State, then the organization tax required by the laws of this State shall be paid upon so much of the capital stock of the consolidated corporation as shall be equal to the capital stock of the foreign constitutent corporation; or if such foreign corporation hereafter formed may have been required by the laws of its State to pay an organi-

tion tax less than that required to be paid in this State, then, upon such consolidation with a corporation of this State an organization tax shall be paid equal to the difference between that required of such foreign corporation in the State of its creation and that which would have been required had it been formed in this State."

This provision in section 556 was enacted in 1902, and is a legislative construction against the blind and indiscriminating policy, sought to be maintained by appellee, of requiring every foreign corporation which does business in the State to pay an organization tax, without regard to the fact that it has already paid one at home. Under section 556, although that which had been a foreign corporation, by being consolidated and recreated, has been really and in truth organized under the laws of this State, yet so tender was the Legislature on the subject of double taxation that it in express terms declined to require so much of the constituent element of the new corporation as may have paid an organization tax to its native State when it was originally created to pay again to this State. If the construction contended for by appellee had been the policy of the State, the proviso in section 556 would not have been enacted. Section 763 relates to the creation of corporations, and these latter only are required by section 4225 to pay an organization tax.

For the reasons indicated, the judgment is reversed, with directions to dismiss the proceedings against appellant.

Petition for rehearing by appellee overruled.