Case 85.—PROCEEDING BY THE COMMONWEALTH, BY T. M. BOWMAN, AS SHERIFF OF LEWIS COUNTY, AGAINST THE CHESAPEAKE & OHIO RAILROAD CO. FOR THE COLLECTION OF A FRANCHISE TAX.—June 9.

## Commonwealth, By Bowman, Sheriff v. Chesapeake & Ohio Railroad Co.

Appeal from Lewis Circuit Court.

James P. Harbeson, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Foreign Corporations—Franchise Tax—Double Taxation.

1. Foreign Corporations—Franchise—Double Taxation—Ky. Stats., secs. 4077 to 4091, inclusive, prescribe an elaborate system for the taxation of the franchises of all corporations, whether foreign or native, doing business in this State, and secs. 4080 and 4081 are applicable to foreign corporations alone. These show conclusively the legislative intent to tax the franchises as foreign corporations, and not as naturalized corporations.

2. Same—The cardinal principle of ad valorem taxation in Kentucky is that all property not specifically exempt therefrom by the Constitution, whether real or personal, tangible or intangible, and whether owned by individuals or corporations, must, for the benefit of each taxing jurisdiction in which it is liable, be taxed once and no more.

ALLAN D. COLE for appellant.

The precise question for decision in this case is not whether appellee is a "native" corporation, citizen and resident of Kentucky, or a "domesticated" corporation, citizen and resident of Kentucky, for it is conceded to be the latter, but whether, being a domesticated corporation and resident of Kentucky, it operates under a Kentucky franchise. If it does, then such franchise is the subject of taxation, and is confessedly omitted property.

W. D. COCHRAN for appellee.

CLASSIFICATION OF POINTS AND AUTHORITIES.

1. There was no defendant before the county court, and, therefore, no judgment upon the merits could be rendered and no appeal would lie to the circuit court. (Ky. Stats., sec. 4241; Bridge Co. v. White's Adm'r., 49 S. W., 36; Cincinnati Times-Star Co. v. France, 61 S. W., 18; Olsen, &c. v. Cal. Ins. Co., &c., 32 S. W., 446; Commonwealth v. Morehead, 78 S. W., 1105.)

2. A compliance by a foreign corporation with sec. 841, Ky. Stats., does not create a new corporation, but naturalizes the foreign one, and a franchise tax is assessable only against the foreign corporation naturalized. The assessment of this one franchise covering the capital stock of the corporation natural-

ized is the only assessment contemplated by Ky. Stats., chap. 108, art. 3. (C., N. O. & T. P. R. Co. v. Commonwealth, 83 S. W., 562; Evansville, &c. v. Henderson, &c., Co., 134 Fed., 973; Hollingsworth v. So. R. Co., 86 Fed., 353; Taylor v. Ill. Cent. Ry. Co., 89 Fed., 119; The Louisville Tob., &c., Co. v. Commonwealth, 106 Ky., 165; Henderson Bridge Co. v. Commonwealth, 99 Ky., 623.)

OPINION BY JUDGE BARKER—Affirming.

Passing the several technical questions of procedure so learnedly discussed in the briefs of counsel, and assuming, for the purposes of this appeal, all of them adjudicated in favor of appellant, the real question presented by this record is whether or not a foreign railroad corporation which has complied with the provisions of sec. 841 of the Ky. Stats. of 1903, is subject to the payment of two franchise taxes annually. Conceiving that because the Chesapeake & Ohio Railway Company, a Virginia corporation operating an interstate railroad in part through Lewis county, Ky., had complied with sec. 841, and thus become a Kentucky corporation, within the meaning of the statute, and, although it had paid the franchise tax due as a foreign railroad corporation, it must in addition pay a franchise tax as a Kentucky corporation, the sheriff of Lewis county, in the name of the Commonwealth, instituted this proceeding, under sec. 4241 of the Ky. Stats. of 1903, to require it to list its franchise as a Kentucky corporation. The theory upon which is based this attempt to tax appellee twice in the same fiscal year upon its franchise, under the guise of the existence of two corporations and two franchises, is untenable. It is true sec. 841 requires each foreign railroad corporation, as a condition precedent to operating in this State, to do certain things, and when these are done pronounces it "a corporation, citizen and resident of this

State,'' but it does not follow that this naturalized corporation is a distinct entity from the old.

In the case of Cincinnati, N. O. & T. P. R. Co. v. Commonwealth, 119 Ky., 196, 83 S. W., 562, 26 Ky. Law Rep., 1106, the very question we have here was, in principle, involved. There the foreign railroad corporation had complied with sec. 841, and, under the inspiration of the same theory held by appellant, that it thereby became a new corporation, the Auditor's agent sought to enforce the payment of an organization tax under sec. 4226 of the Ky. Stats. of 1903; but we held that a compliance with sec. 841 did not create a new corporation, within the meaning of sec. 4226, but merely naturalized the foreign corporation, in order that the State might better control and supervise it. The same reasoning applies here with equal force and efficacy, and the same conclusion must necessarily be reached as to franchise taxes. The soundness of this conclusion is assured by a glance at the laws of the State with reference to the taxing of corporate franchises. Secs. 4077 to 4091, inclusive, Ky. Stats., prescribe an elaborate system for the taxation of the franchises of all corporations, whether foreign or native, doing business in the State, and secs. 4080 and 4081 are applicable to foreign corporations by name. These show conclusively the legislative intent to tax the franchises of foreign corporations coming into the State as foreign corporations, and not as naturalized corporations. For the purpose of taxing they are named ''foreign corporations,'' and the mode of estimating the value of their franchises is specifically pointed out, as is also the method of enforcing the payment of the tax by the jurisdiction to which it is due. It is obvious that there is but one corpus or property—one franchise or privilege. It is therefore immaterial that the

corporate entity, from one point of view, may be considered a naturalized citizen of the State, and from another a foreign corporation. The law looks through the mere semblance of things into the essential substance, and taxes that. It taxes things, not names.

Without further prolixity, it may be said that the cardinal principle of ad valorem taxation in Kentucky is that all property not specifically exempted therefrom by the Constitution, whether it be real or personal, tangible or intangible, whether owned by individuals or corporations, must, for the benefit of each taxing jurisdiction in which it is liable, be taxed once, and no more.

The judgment dismissing the petition is affirmed.