EVANSVILLE & HENDERSON TRACTION CO. v. HENDERSON BRIDGE CO.

(Circuit Court of Appeals, Sixth Circuit.  October 14, 1905.)

No. 1,396.

RAILROADS—KENTUCKY STATUTES—RIGHTS OF FOREIGN CORPORATIONS.

Const. Ky. § 202, provides that "no corporation organized outside the limits of this state shall be allowed to transact business within the state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this commonwealth"; and section 211 provides that no railroad corporation organized under the laws of another state shall exercise the right of eminent domain, or acquire right of way or real estate within the state, until it shall have become a body corporate, pursuant to the laws of the state. Ky. St. 1903, § 841, provides that any such corporation may "for the purpose of possessing, controlling, maintaining, or operating" a railway in the state become a corporation, citizen and resident of the state, by filing its articles of incorporation as therein specified; section 763 provides the manner of organizing railroad corporations within the state, which includes the filing of an affidavit showing that a certain amount of stock per mile of the proposed line has been subscribed, and a certain amount of the same paid in; and section 765 provides that no railroad corporation of another state shall exercise the power of eminent domain or acquire right of way, or purchase or hold land for railroad purposes until it shall have become a corporation of the state in the manner and form provided in section 763. Held, that under said provisions a foreign railroad corporation, which merely complied with section 841, by filing its articles of incorporation acquired only the right therein given to "possess, control, maintain, and operate" a railroad in the state, and that it had no power to exercise the right of eminent domain or to maintain a suit to subject the property of another to its use without becoming a full Kentucky corporation by organizing as such under section 763.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 138.]

Appeal from the Circuit Court of the United States for the Western District of Kentucky.

For opinion below, see 134 Fed. 973.

Edwin C. Henning, George Du Relle, and John J. McHenry, for appellant.

Helm Bruce (H. L. Stone, B. D. Warfield, Wilbur F. Browder, R. A. Miller, and Helm, Bruce & Helm, of counsel), for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge.  The Evansville & Henderson Traction Company is an Indiana corporation, formed for the purpose of constructing, maintaining, and operating an interurban street railroad from Evansville, Ind., to Henderson, Ky., the contemplated motive

power being electricity. The Henderson Bridge Company is a Kentucky corporation which owns a bridge, with the necessary approaches and tracks, across the Ohio river, from Henderson to a point opposite on the Indiana side, which is used solely for railroad purposes. The bill was filed to enjoin the bridge company from refusing to permit the traction company to use this railroad bridge as a part of its projected interurban line and operate its cars over the same by the use of electricity, if the court should be of the opinion that the bridge is adapted to such use, and if not, by the use of steam. Incidentally, there is a prayer that the traction company be permitted to equip the bridge with the appliances necessary for the operation of its cars by electricity, and that the court fix the rates of toll and regulations for the use of the bridge. The court below sustained a demurrer to the bill on the ground that the traction company had not complied with the provisions of sections 763 and 765 of the Kentucky Statutes of 1903, limiting the right of foreign corporations to acquire rights of way in the state, and that the Indiana statute relied upon by the traction company as authorizing the use of the bridge, has no force south of the low water mark of the Ohio river on the Indiana side, which constitutes the southern boundary of Indiana. The case is here on appeal.

1. The Constitution of Kentucky provides:

"Sec. 211. No railroad corporation organized under the laws of any other state, or of the United States, and doing business, or proposing to do business, in this state, shall be entitled to the benefit of the right of eminent domain or have power to acquire the right of way or real estate for depot or other uses, until it shall have become a body corporate pursuant to and in accordance with the laws of this commonwealth."

The complainant avers and contends it became a body corporate in pursuance of this requirement by complying with the provisions of section 841 of the Kentucky Statutes of 1903, which reads:

"Sec. 841. No company, association or corporation created by, or organized under, the laws or authority of any state or country other than this state, shall possess, control, maintain or operate any railway or part thereof, in this state, until by incorporation under the laws of this state, the same shall have become a corporation, citizen and resident of this state. Any such company, association or corporation may, for the purpose of possessing, controlling, maintaining or operating a railway or part thereof in this state, become a corporation, citizen and resident of this state by being incorporated in the manner following, namely: By filing in the office of the Secretary of State, and in the office of the railroad commission, a copy of the charter or articles of incorporation of such company, association or corporation, authenticated by its seal and by the attestation of its president and secretary, and thereupon, and by virtue thereof, such company, association or corporation shall at once become and be a corporation, citizen and resident of this state. The Secretary of State shall issue to such corporation a certificate of such incorporation."

On the other hand, it is submitted, and the court below found, that the applicable sections of the Kentucky statutes, which must be complied with before a foreign railroad corporation can condemn land or acquire a right of way within Kentucky, are sections 765 and 763, which the complainant has not complied with, and which read:

"Sec. 765. No railroad corporation, organized or created by or under the laws of any other state, shall have the right to condemn land for, or acquire

the right of way for, or purchase or hold land for its depots, tracks, or other purposes, until it shall have first filed in the office of the Secretary of State of this state, in the manner provided in the first article of this chapter, its acceptance of the Constitution of this state, and shall have become organized as a corporation under the laws of this state, which it may do by filing in the offices of the Secretary of State and the railroad commission articles of incorporation, in the manner and form provided in section 763 of this article."

"Sec. 763. Any number of persons, not less than seven, may associate to form a corporation for the purpose of constructing, operating and maintaining a railroad. Such persons shall execute articles of incorporation, which shall specify the name of the proposed railroad, the number of years the corporation is to continue, the amount of its capital stock, and the number of shares into which the same shall be divided; the number of directors, which shall not be less than five nor more than fifteen, and their names; the places from and to which, and the names of each county into or through which it is intended to be constructed, and its length as near as it may be. Each subscriber to such articles shall set opposite his name his place of residence and the number of shares subscribed by him. Whenever two hundred and fifty dollars per mile has in good faith been subscribed, and twenty per cent. thereof paid in in cash, to the persons named in the articles as directors, and an affidavit made to that effect by two of said named directors and attached thereto, a copy of said articles and affidavits shall be filed in the office of the railroad commissioners, and in the office of the Secretary of State, and when a certificate of such fact is delivered by the said officers to the incorporators, the persons who have subscribed such articles shall be a body-corporate by the name specified in the articles, and as such may sue and be sued, contract and be contracted with, have a seal, and change the same at pleasure; may elect or appoint directors, who shall choose from their number such officers as may be necessary; may require from any officer or employé a bond for the faithful discharge of his duties, and prescribe such by-laws for its government, and exercise such powers as are necessary to the conduct of its business not inconsistent with law."

A comparison of the provisions of section 841 with those of section 765 leads us to believe that the court below was right in its conclusion. Section 841 provides that no foreign corporation "shall possess, control, maintain or operate any railway" in Kentucky, without first complying with its provisions, while section 765 provides that no foreign railroad corporation "shall have the right to condemn land for, or acquire the right of way for, or purchase or hold land for its depots, tracks, or other purposes," until it shall have first complied with its provisions. A corporation which simply desires to maintain and operate its line in Kentucky, must become a corporation, citizen and resident of Kentucky, by filing in the office of the Secretary of State, and in that of the railroad commission, a copy of its charter or articles of incorporation, by virtue whereof it at once becomes such corporation, citizen and resident. This is not the organization so much as the naturalization of the foreign corporation. Compliance with this section does not create a corporation subject to the organization tax of Kentucky (C., N. O. & T. P. R. R. Co. v. Commonwealth, etc., 83 S. W. 562, 26 Ky. Law Rep. 1106), or deprive the foreign corporation thus naturalized of the right to sue or be sued in the federal courts as a citizen of another state (Davis v. C. &. O. Ry., 75 S. W. 275, 25 Ky. Law Rep. 342; Louisville, etc., Ry. Co. v. Louisville Trust Co., 174 U. S. 552, 563, 19 Sup. Ct. 817, 43 L. Ed. 1081; Walters, Adm'r v. C. B. & Q. R. R., 186 U. S. 479, 22 Sup. Ct. 941, 46 L. Ed. 1266).

But a foreign corporation which desires to condemn land and acquire

a right of way in Kentucky, must do something more than merely file there its articles of incorporation. The Constitution of Kentucky (section 202) provides that:

"No corporation organized outside the limits of this state shall be allowed to transact business within the state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this commonwealth."

And section 763 requires a domestic corporation, organized to construct a railroad, not only to file its articles of incorporation, but proof that at least $250 per mile has in good faith been subscribed, and 20 per cent. thereof paid in in cash before it can proceed to business. A compliance with this provision affords, of course, a certain guarantee of responsibility and there would seem to be no just reason why a like guarantee should not be required of a foreign corporation under similar circumstances. Indeed, the provision of the Constitution to which we have referred (section 202) would seem to forbid the preference which would result from permitting a foreign corporation to condemn land and acquire a right of way in Kentucky without filing proof that it is something more than a mere paper corporation, that its stock has been subscribed and paid in at least to the amount required of a domestic corporation.

On the whole, while the question is not free from doubt, and we regret there seems to have been no authoritative expression from the Court of Appeals of Kentucky upon the precise point, we are inclined to agree with the lower court that the traction company, not having complied with the provisions of sections 765 and 763, could not maintain this action, which in effect was one to acquire a right of way over the bridge owned by the appellee upon terms to be fixed by the court. Having reached the conclusion that the complainant had no right to bring the suit, we deem it unnecessary to discuss the questions raised as to the effect of the provisions of the Kentucky and Indiana acts regulating or assuming to regulate the construction and operation of the bridge.

The judgment is affirmed.