## Chesapeake & O. Ry. Co. v. Glaspy's Adm'r.

(Decided Nov. 10, 1933.)

BROWNING & DAVIS and KIRK & WELLS for appellant.

W. J. WARD and WILLIAM DINGUS for appellee.

OPINION. OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

About 5 o'clock in the morning of November 3, 1930, Buster Glaspy was struck and killed by a passenger train of the Chesapeake & Ohio Railway Company running from Weeksbury to Melvin in Floyd county. His father, Will Glaspy, qualified as his administrator in the Floyd county court and brought this action against the railway company in the Johnson circuit court to recover for his death. On final hearing he recovered a judgment for $2,999. The railway company appeals.

The first question made in the case is that the Johnson circuit court was without jurisdiction of the action. Buster Glaspy was about twenty-one years old and lived with his father in Floyd county. He was killed on the railroad track near his father's house in Floyd county. The chief office of the railway company is in Boyd county. The railway company filed a special demurrer to the petition on the ground that the court had no jurisdiction of the defendant or of the action. The court overruled the special demurrer to the petition. The defendant then, without entering its appearance but specially declining so to do, and for the purpose only of objecting to the jurisdiction of the court, filed its special answer or plea to the jurisdiction of the court, in which it pleaded the above facts and. asked that the action be dismissed for want of jurisdiction. Later, without waiving its special answer and plea to the jurisdiction of the court, but specially relying and insisting thereon, it filed a demurrer to plaintiff's petition, as amended, and filed answer thereto. The plaintiff filed a reply which. did not controvert the allegations of the plea to the jurisdiction of the court, and on the defendant's motion the special answer or plea to the jurisdiction of the court was taken as confessed. Thereupon the defendant moved the court to dismiss the action for the reason that the Johnson circuit court had no jurisdiction of the case. The court overruled the motion, and the defendant excepted.

Title 5 of the Civil Code of Practice bears this title: "County in which an action must or may be brought." By section 72 of that title it is provided that an action against a corporation which has an office or place of business in this state, or a chief officer or

agent residing in this state, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides; or, "if it be for a tort, in the first-named county, or the county in which the tort is committed." Section 73 provides, with certain exception, not material here, that an action against a common carrier for an injury to a passenger or other person or his property must be brought in the county in which the defendant resides or in which the plaintiff or his property is injured, or in which he resides, if he resides in a county into which a carrier passes; provided, if the action be brought by a personal representative, the residence of the decedent, and not that of the personal representative shall control.

The chief office of the railway company was in Boyd county. The decedent was injured in Floyd county. He resided in Floyd county, and the action was brought in Johnson county. It is very clear from the above provisions that the Johnson circuit court was without jurisdiction of the action. The appellee, however, relies on section 51 of the Civil Code of Practice, which is a part of chapter 2 of title 4, "Service of summons." Subsection 4 of 51 provides that a summons may be served upon a railroad company in the county where the action is brought by service on the defendant's passenger or freight agent stationed at or nearest to the county seat of the county. But this is only a provision as to how the summons may be served. It has no application to the jurisdiction of the court in which the petition is filed. It only applies when the summons has been issued from the court having jurisdiction. The defendant by its plea to the jurisdiction and its subsequent course waived none of its rights. The Johnson circuit court was clearly without jurisdiction of the case, and the court should have dismissed the action without prejudice.

This conclusion makes it unnecessary to consider the other grounds of reversal relied on.

Judgment reversed, and cause remanded for a judgment as above indicated.