Elmer TUFTS, Appellant,

v.

The CHESAPEAKE AND OHIO RAILWAY COMPANY, a Corporation, Appellee.

Court of Appeals of Kentucky.

March 25, 1966.

Warren M. Briggs, Cleveland, Ohio, Joseph E. Fineman, Louisville, for appellant.

Porter M. Gray, Ashland, Gerald Kirven, Louis Seelbach, Louisville, Gray, Woods & Cooper, Ashland, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, of counsel, for appellee.

CLAY, Commissioner.

Plaintiff appellant brought suit in Jefferson County against the appellee carrier under the Federal Employers' Liability Act for damages resulting from personal injuries. On motion, the trial court dismissed the action for improper venue.

Appellant is a resident of Greenup County and that is the place where he was injured in appellee's yards. Appellee is a foreign corporation, and in compliance with KRS 271.385 it had designated Ashland as the location of its resident office and named a process agent there.

Under KRS 452.455 appellant could have sued appellee in Greenup County or Boyd County. For some reason he elected to sue in Jefferson County. Under KRS 452.455 this action could be brought there only if Jefferson County is "the county in which the defendant * * * resides".

The evidence shows that appellee does a substantial amount of business in and out of Louisville; it owns one-half mile of track there; and it has two district managers there, one in the Freight Traffic Department and the other in the Passenger Sales Department. It is appellant's contention that because of the nature of the business done by appellee in Jefferson County, it should be judicially determined that there is its place of residence.

The record shows that the chief office of appellee is in Boyd County. This was specifically held in Chesapeake & O. Railway Co. v. Glaspy's Adm'r, 251 Ky. 243, 64 S.W.2d 564. In our opinion that is where appellee resides.

Prior to 1953, there could have been no question about this because section 732, subsection 32, of the Civil Code provided:

"The words 'residence,' 'reside,' mean, with reference to a corporation, its chief office or place of business."

In 1953, when the Rules of Civil Procedure were adopted, this section of the Code was repealed. It consisted of "Rules That Prevail in Construing Code", and apparently it was repealed because made obsolete by the new rules. Appellant contends this changed the law. We do not think so. It is still sound law that if a foreign corporation has a chief office or place of business in Kentucky, that should

be deemed its residence. See James v. Nashville, C. & St. L. Ry., 310 Ky. 616, 221 S.W.2d 449.

It is appellant's contention that a foreign corporation can have more than one residence in the state. We can find no justification for such a finding in this case. KRS 452.455 clearly contemplates that a carrier have but one residence for the purpose of suit. Since appellee has one in Boyd County, we see no reason to interpolate the doing of business in Jefferson County into a residence there.

The judgment is affirmed.